JUDGE HARDIN
delivered the opinion of the court.
Near the close of the late civil war Thompson Gossom, Cornelius Jenkins, and John C. Jenkins, of Warren County, to avoid being, coerced into the military service of the United States under a draft then about being enforced, through said Gossom engaged H. M. Garret, a “substitute broker” at Louisville, to furnish and procure to he accepted a substitute for each of them for the sum of one thousand dollars; and in pursuance of their arrangement with Garret they placed one thousand dollars each in the hands of W. H. Newman, of Louisville, to he paid to Garret for them respectively, upon his complying with his agreement.
*99 It appears that shortly afterward they received information through the provost-marshal at Bowling Green that substitutes had been furnished and accepted for Gossom and Cornelius Jenkins, but, so far as that officer had been informed, none had been obtained for John C. Jenkins; and acting on the belief that this was so, and that the one thousand dollars deposited by John C. Jenkins remained in Newman’s hands, Gossom, with the assent of Jenkins, and in anticipation of the use of said one thousand dollars, which it was believed would be refunded by Newman, engaged James R. Badgett, a substitute broker of Bowling Green, to furnish a substitute for Jenkins for one thousand dollars, which Badgett did, and afterward took an order drawn on Newman by said J. C. Jenkins, which is as follows:
“March 11, 1865.
“Mr. ¥m. H. Newman, you will please pay to Jas. R. Badgett or order one thousand dollars, to pay for a substitute put in by him at Bowling Green, Kentucky.
John C. Jenkins, ■ Sarah Jenkins.”
Newman, having already paid the money to Garret upon notice that he had furnished a substitute for Jenkins, refused to pay the order, which, on presentation, was protested.
In January, 1866, Badgett instituted this suit against said John C. Jenkins and Sarah Jenkins as the drawers of said order. But by an amended petition, filed in August, 1866, said Gossom was joined as a defendant, and the plaintiff set forth a joint-undertaking by Gossom and J. C. Jenkins to pay him said sum of one thousand dollars in consideration of his furnishing said substitute for Jenkins.
The defendants filed separate answers: J. C. Jenkins *100 alleging as to tbe order set' up by the original petition that it was without consideration, and procured through fraud, and he and Gossom controverting the material averments of the amended petition; and Sarah Jenkins denied having undertaken to pay the plaintiff’s demand, or that said order was her act and deed.
A jury having been sworn to try the issues, and having-heard the evidence for the plaintiff, were, oh motion of John C. and Sarah Jenkins, directed to find a verdict as to them, and thereupon a verdict was returned for said John C. and Sarah Jenkins; and the trial progressed as to Gossom, and resulted in a judgment against him for one thousand dollars. And the court having rendered a judgment in conformity to these verdicts and refused to grant a new trial, Gossom prosecutes this appeal.
Although the evidence conduced to establish a separate liability of the appellant to the plaintiff', it does not appear that the joint-undertaking alleged to have been made by the appellant and Jenkins was so proved that a joint-verdict thereon could have been sustained. No motion was made during the trial to amend the petition so as to conform the pleading to the evidence, nor was there any objection to the evidence by the defense .on the ground that it was not applicable to any issue formed by the pleadings. But the question was raised by objections of the defendant to instructions which were given, and by the motion for a new trial, whether the verdict, though in conformity to the weight of evidence, was sustained under the issue; or, in other words, whether there was not a failure of proof to support the cause of action alleged in the petition; and that question is now presented for the decision of this court.
It may be premised that although, before the adoption of the Civil Code, several actions could not be maintained *101 upon a joint-contract, by the 39th section of the Civil Code the rule of the' common law is so changed that “when two or more persons are jointly bound by contract the action thereon may be brought against all or any of them, at the plaintiff’s option.” Therefore now, upon proper allegation and proof, a recovery may be had against part of several joint-obligors without suing the others. But there is no provision of the Code abrogating the well-established principle that the plaintiff' in an action can only recover upon proof of the cause of action alleged in his pleading. (Kearney v. City of Covington, 1 Metcalfe, 339.) And although, according to section 156 of the Code, “ no variance between the allegation in a pleading and the proof is to be deemed material unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits,” yet it is provided by the 158th section of the Code that where “the allegation of the claim or defense to which the proof is directed is unproved, not in some particular or particulars only, but in its general scope and meaning, it is not to be deemed a case of variance, but.a failure of proof.”
As there was no objection to the evidence, nor any complaint that the defendant was misled by the variance between the evidence and the pleading, the discrepancy is not a ground of reversal in this court, unless it should be deemed a failure of proof within the meaning of' said section 158 of the Code. It is essential therefore to ascertain from the reasons for distinguishing between joint and several demands founded on the same consideration, whether the substantial rights of the parties require that they ..should be treated as different causes of action.
In the case of Brown v. Warner, 2 J. J. Marshall, 37, in which, upon a joint demand, a recovery was had against one of two defendants, this court held that “ the contract *102 as charged in the declaration must be so far sustained by a correspondence with that proved as to be identified with it; then the judgment will bar another suit on the same contract. But if the contract proved varies materially from that declared on, the plaintiff ought not to recover.” And under our former system of practice a plaintiff in a joint-action against several might recover against part only, the other defendants being discharged on personal defenses; yet, although his right of recovery was thus reduced to a single defendant, he could only recover by proving his demand as alleged. (1 Chitty on Pleadings, 45.) It was not therefore because the plaintiff could recover against all of several co-obligors that he was required to sue them jointly, but because the contract being a joint one should be declared upon accordingly. So, as in this case, if the contract was a separate undertaking, the plaintiff could not recover on the allegation of a joint-liability. The reasons of the rule requiring this correspondence between the necessary allegation and proof to sustain a recovery are sufficiently stated in the case of Brown v. Warner, supra; and they are equally applicable to our present system of practice. We are of the opinion therefore that, although the evidence in this case might be sufficient to sustain the verdict of the jury in a separate action against the appellant, there was a failure of proof of the claim as set forth against the appellant, and for that reason the judgment must be reversed.
The action of the court is complained of on several other grounds; but, except so far as it was inconsistent with the views we have expressed, no valid objection to it is perceived.
Wherefore the judgment is reversed, and the cause remanded for a new trial, with directions to allow the parties to amend their pleadings.