ABE BUFORD *v.* TAYLOR & FAULKNER.

**Suit on Account—Joint Suit on Separate Causes of Action.**

Where a contract to sell lumber to a firm is made and partly executed by the delivery of lumber, the seller refusing to make any further deliveries on such contract, but he did deliver the same on an agreement of a third person, the owner of the building which was being built with such lumber, a suit cannot be maintained on account against said firm and the owner of such building.

**Action on Joint Promise.**

No recovery can be had upon proof of a several promise by one of the defendants in a joint action against all.

APPEAL FROM FRANKLIN CIRCUIT COURT.

September 30, 1874.

OPINION BY JUDGE COFER:

Appellees contracted to sell a bill of lumber to Buckley, to be

used by him in the erection of a house for appellant, which Buckley had undertaken to build. The contract with appellant bound Buckley to furnish all necessary material for the house, and appellees contracted with Buckley, and looked to him alone to pay for the lumber sold him, but it afterwards became known that Wakefield, without the knowledge of either appellant or appellees, was interested with Buckley in building the house for appellant, and was liable to appellees as a partner of Buckley. After appellees had furnished a small part of the lumber they had contracted to deliver, Buckley became insolvent and made an assignment; and appellees, being unwilling to deliver the residue upon his credit, or upon his or Wakefield's credit, if they then knew he was a partner of Buckley, notified Buckley and appellant that they would refuse to deliver any more lumber under the contract with Buckley unless appellant would undertake to order and pay for it.

Asserting that appellant had, when notified by them that they refused to deliver any more lumber unless he would pay for it, agreed with their agent, Roberts, that he would do so, appellees brought this action at law as upon the joint promise of appellant, Buckley and Wakefield. The account sued on is made out against all the defendants, and includes the lumber delivered before and after appellant's alleged promise to pay. Buckley and Wakefield, admitting their liability, failed to plead, but appellant answered, denying that he, as an individual, or co-jointly with his co-defendants, or either of them, had either purchased or received of appellees any of the articles named in the account, and by an amended answer he set up and relied upon the statutes of frauds and perjuries, in bar of the action against him.

Upon a trial of the issues thus formed, the jury found a joint verdict against Buckley, Wakefield and appellant, for $1,939, for which judgment was rendered, and appellant's motion for a new trial having been overruled, he prosecutes this appeal to reverse that judgment.

It was decided by this court in *Gopom v. Badgett,* 6 Bush 97, that "there is no provision in the code abrogating the well established principle that the plaintiff in an action can only recover upon proof of the cause of action alleged in his pleadings;" and it was accordingly held that in an action upon a joint promise, no recovery could be had upon proof of a several promise by one of the defendants. Such discrepancy between the contract alleged and the contract proven, was not held to be a variance between the allega-

tion and the proof, and therefore immaterial unless it had mislead the adverse party to his prejudice, although it was a failure of proof fatal to the action.

The contract sued on in this case is alleged to have been made by appellant, jointly with Buckley and Wakefield, and the contract proven as to appellant is the separate and subsequent promise by him to pay for the lumber already sold to his co-defendants. There was no new contract on the part of Buckley and Wakefield, and what appellant agreed to do was that he would pay what they were already bound for, and was therefore separate and distinct from their undertaking. It was, therefore, error to instruct the jury, as was done, that if they should believe from the evidence that the appellant alone, or jointly with others, ordered the lumber sued for, and that the credit was given to him, and the lumber was shipped to him, or to others for his use, they should find for the plaintiffs.

We do not deem it necessary now to decide whether the action could have been maintained against appellant alone if it had been brought before his separate promise to pay for the lumber.

For the error indicated the judgment is *reversed* as to appellant, Buford, and for a new trial and further proceedings not inconsistent with this opinion.

*Turner & Thornton, for appellant.*
*John L. Scott, for appellees.*