CASE 57—EQUITY—FEBRUARY 26, 1881..

# Moore v. Estes.

### APPEAL FROM ESTILL CIRCUIT COURT:.

1. In a suit against defendants upon a joint contract, one being resident; the other a non-resident, a several judgment may be rendered against the resident served with process.
2. Although the court below erred in adjudging the costs against the non-resident to be paid by the resident defendant, the error is too insignificant to reverse upon it.

H. C. LILLY FOR APPELLANT.

1. The court erred in rendering any judgment for appellee. The proof does not authorize it.
2. If appellant was entitled to any judgment, it was against Moore & Mitchell as joint contractors.
3. The court erred in adjudging all the costs against appellant.

ISAAC N. CARDWELL FOR APPELLEE.

1. Mitchell being jointly bound with appellant, the action could have been prosecuted against either or both of them. (Civil Code, secs. 27, 369, 370.)
2. The case having been transferred to equity, the judgment should be treated as the verdict of a properly instructed jury, and will not be reversed, unless it is palpably against the evidence or manifestly not supported by it. (Pittsburg, &c., R. R. Co. v. Woolley, 12 Bush, 451; Judge v. Braswell, 13 *Ib.*, 67; Mulholland v. Samuels, 8 *Ib.*, 63.)
3. A new trial will not be granted upon the ground of newly discovered evidence, unless it be of such a permanent nature and unerring character as to preponderate greatly or have a decisive influence. (Respass v. McClanahan, Hardin, 345; Eccles v. Shackleford, 1 Litt.,. 35; Yancey v. Downes, 5 *Ib.*, 10; 3 Mon., 400.)

Moore v. Estes.

D. W. LINDSEY FOR APPELLEE.

Appellee, under the pleadings, had the right to a judgment against, appellant for his debt and the costs. (Gen. Stat., chap. 26, sec. 12; Civil Code, secs. 27, 369, 370.) No new trial should have been granted. (5 Bush, 473; 13 *Ib.*, 308; 1 Bibb, 143; 4 Bush, 410; 8. Dana, 16; 6 Bush, 85; 12 *Ib.*, 451.)

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

The action was brought at law, and by consent transferred to equity. It presents legal issues alone, and therefore the judgment of the chancellor "will be treated as the verdict. of a properly instructed jury," and as it is not palpably against the evidence, but to a very strong degree supported: by it, the error assigned, that the judgment is contrary to the evidence, is not well taken. (P., C. & St. L. R. R. Co. v. Woolley, 12 Bush, 453; Judge, &c., v. Braswell, &c., 13. Bush, 67.)

One of the defendant partners was a non-resident, and no· personal judgment was or could be rendered against him.

And it is insisted that a separate judgment against partners sued jointly cannot be rendered, and therefore the court erred in giving judgment against the appellant who was actually summoned.

The position results from a confusion of the facts of this. case with the rule that a suit upon a joint promise will not: be sustained by proof of a several undertaking. In a suit, however, upon a joint contract, which is sustained by the evidence, a several judgment may be rendered. (Secs. 26, 27, 373, Civil Code.)

And this court held, in the case of Williams v. Rogers, 14. Bush, 785, Judge Hines delivering the opinion, that the failure of the court to give judgment against one of several· parties sued on a partnership undertaking, when all the par--

ties were before the court, is not a reversible error available to one of the partners against whom judgment was rendered.

The judgment for the costs, which accrued against appellant in person, was proper, because the appellee succeeded on the merits against him.    But the appellee had no right to a judgment against the appellant for the costs which accrued against the non-resident partner, because no personal judgment could be rendered against the latter; the appellee could have maintained a separate action against the appellant, and section 12, chapter 26, entitled "Costs," General Statutes, provides, that "if the plaintiff shall succeed against part of the defendants, and not against others," he shall recover his costs from the former only.

The costs against the non-resident amount to about $6.50.

And the maxim "*de minimus non curat lex*" applies, as the accumulating interest before another judgment could be rendered, and the costs of a reversal would exceed many fold the error shown, and finally injure the appellant more than its correction would benefit him.    (Broom's Legal Maxims; Caldwell v. Roberts, 1 Dana, 357; MS. Opinion, 1880.)

Wherefore, the judgment is affirmed.