CASE 24—PETITION EQUITY—FEBRUARY 15.

# Bowling's Administratrix v. Davis, Etc.

103   187
d132   73

APPEAL FROM CARTER CIRCUIT COURT,

1. ATTACHMENT—FORTHCOMING  BOND—PRACTICE.—Where  certain personal property was attached in an action against a father and son, as the father's property, and the son claimed the same and executed a forthcoming bond therefor, and it was developed on the trial that a part of the attached property belonged to the father, and the rest to the son, the forthcoming bond should have been quashed only to the extent of the property adjudged to be that of the son.

GEO. W. ARMSTRONG AND THOS. D. THEOBALD FOR APPELLANT.

1. The evidence shows that Henry Davis had ample means in his hands belonging to Jonathan Davis to pay appellant's debt; Henry admits he owes his father twenty-five dollars, and the evidence shows that Merritt Davis, deceased, was an unmarried son of Jonathan Davis', and had a half interest in the tobacco crop raised by him and Henry in 1892, which netted them one thousand one hundred dollars; one-fourth of this sum, or one-half of Merritt's interest therein was inherited by his father, and should be subjected to this debt.

2. Jonathan Davis admitted that he owned the two head of cattle attached, and as there was no plea of exemption they should have been subjected to the payment of the debt.

FRANK PRATER AND THOS. W. MITCHELL FOR APPELLEES.

1. The burden of proof was on appellant, and aside from the relationship between the parties, there was no evidence adduced from which fraud could even be suspected.

2. The evidence shows clearly and conclusively that Henry Davis owned all the attached property except the two milk cows.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

In 1881 appellant's intestate, William Bowling, recovered judgment in the Carter Circuit Court against Jonathan Davis, one of the appellees, for $215 and interest and costs. An execution was issued on said judgment and in 1886 returned, no property found, by the sheriff of Carter county.

This action was begun in 1893, on the return of no property, by appellant against appellee, Jonathan Davis, and his son, Henry Davis, also appellee.

The petition alleges these facts of the judgment, execution and return and death of William Bowling and the appointment and qualification of the administratrix, and also alleges that Henry Davis has and holds certain property and pretends to own same, when in fact and truth, it is the prop-

erty of Jonathan Davis, and is held by said Henry Davis, a son, to defraud the creditors of Jonathan Davis.

An attachment was sued out and levied on a crop of tobacco and several head of cattle. Henry Davis filed an answer claiming the tobacco and all the cattle, and in his answer disclosed the fact that he was indebted to Jonathan Davis, in the sum of twenty dollars. Henry Davis gave a forthcoming bond for the attached property.

Upon the question of the ownership of the property, that is, whether it was Henry Davis' or Jonathan Davis' property, much proof was taken, many witnesses were examined.

The case was tried by the chancellor, who adjudged the property to be that of Henry Davis, except the two cows, and discharged the levy of the attachment and quashed the forthcoming bond executed by Henry Davis; adjudged that Henry Davis pay to plaintiff the sum of twenty-five dollars, admitted to be due Jonathan Davis, the same to be credited on the debt due appellant. The judgment utterly fails to dispose of the two cows at all, except that it quashes the bond for their forthcoming, but does not discharge the levy as to them. There is no question of exemption presented in the record.

We have read the evidence in the record carefully, and conclude, as did the chancellor, that appellant fails to show this tobacco and cattle, except cows, to have been the property of Jonathan Davis. True, it is shown that the son, Henry Davis, and his father and family, all lived together on a farm rented by Henry; that the father and his minor sons worked in the crop as did Henry. That to the out-

side world it all appeared as one family, as though appellee, Henry Davis, was under twenty-one years.

All of this testimony has weight, but we do not think it sufficient to outweigh the testimony of appellees, Henry and Jonathan Davis, as to the ownership of the property and as to the family arrangement of the farm work and board.

We find all the transactions conducted in the name of Henry Davis, and parties who ought best to know, testifying it to be his property, and in view of this evidence the court would not be justified in taking this property and adjudging it the property of Jonathan Davis, and subject to his debts upon mere suspicion that grows alone out of the relationship of father and son. The burden is on appellant and in our opinions he has failed, and the finding of the chancellor is not error.

However, the court quashed the forthcoming bond executed by Henry Davis, which included the two cows. This was error, the two cows not being the property of Henry Davis, were under the pleadings of the case subject to appellant's debt, and as the attachment levy was not by the judgment discharged as to the two cows, it was error to quash the bond in toto, but the bond should have been discharged only as to the extent of the property adjudged to be that of Henry Davis, leaving the liability on the bond to be forty dollars, for the forthcoming of the cows, appraised at twenty dollars for the two. For this error the judgment to the extent of a quashal of the forthcoming bond must be reversed, but as to that part discharging the levy on the property named in the judgment and exonerating the bond to

Bowling's Administratrix v. Davis, etc.

that extent, the judgment is correct. The corn levied on was not bonded by Henry Davis, so far as this record shows, nor was there any judgment as to it, so that it is not affected by this opinion.

Wherefore, the judgment, in so far as it adjudges to Henry Davis the property named, is affirmed, and in so far as it quashes the bond in toto and releases the sureties, the same is reversed, as to the two cows embraced therein, and the cause is remanded for further proceedings consistent herewith.

THE COURT DELIVERED THE FOLLOWING RESPONSE TO A PETITION FOR AN EXTENSION OF THE OPINION ON MARCH 23, 1898:

Appellants ask the court to extend the opinion herein so as to cover an item of $275 said to be in the hands of appellee, Henry Davis, belonging to his father, Jonathan Davis, being the one-fourth of a crop of tobacco raised by Henry Davis and his brother Merritt Davis, and sold by Henry, after his brother's death, appellants contending that this $275 descended to the father upon the death of the son, Merritt. This question is not presented in the pleadings at all, it is brought to light in the evidence. This item was not passed on by the judgment, and can not be reviewed on this appeal. However, if it had been presented by the pleadings, it is shown to have been personal property, and would descend not to the father and mother direct, but to the administrator for the payment of debts, and after the payment of the debts, the surplus would descend to the father and mother, as provided by statute.