CASE 7.—SEPARATE ACTIONS BY JOHNSON & JOHNSON AND BY ALBERT STACY AND BY C. W. PRICE AGAINST G. G. BROWN. THE ACTIONS WERE CONCOLIDATED AND O. G. BUSH INTERVENED.—February 16.

## Brown, &c., v.Johnson & Johnson
## Same v Stacey---Same v. Price

Appeal from Perry Circuit Court.

L. D. Lewis, Circuit Judge.

From the judgment Bush, intervener, appeals— Reversed.

1. Attachment—Intervening Claimant—Burden of Proof.—Civil Code of Practice, section 29, provides that in an action to subject property to a demand of plaintiff under an attachment or other lien any person claiming a right to the property or its proceeds may, before payment of the proceeds to plaintiff, file in the action his verified petition stating his claim and controverting that of plaintiff, and on that being

Brown, &c., v. Johnson & Johnscn.

done his petition shall be treated as his answer. Held, That where in attachment, one B. intervened, claiming to own the property levied on and which had formerly belonged to defendant, the burden of proving ownership was on B., under the rule that, on issues joined between the plaintiff and the claimant, the burden is on the latter to prove the validity of his assignment or the superiority of 1 is title.

2. Evidence—Weight and Sufficiency—Uncontroverted Evidence. —The jury were not justified in disregarding the unimpeached testimony of two witnesses on the ground of suspicion alone.

MILLER & WARD for appellant.

### POINTS AND AUTHORITIES.

1. Error to sustain attachment without proof, when grounds for attachment are controverted. (Crow v. Straus, 14 Ky. Law Rep. 206; Reynolds v. Wright, 18 Ky. Law Rep. 1017.)

2. Burden of proof on attaching creditor. (Morrow v. Smith, etc., 4 B. Mon. 99; Bowling's Admr. v. Davis, etc., 19 Ky. Law Rep. 1859; Crow, etc., v. Straus, 14 Ky. Law Rep. 206.)

3. The court should have given peremptory instructions to find for defendant. (Buford v. L. & N. R. R. Co., 5 Ky. Law Rep. 503.

Bailey P. WOOTTEN and JESSE MORGAN for appellants.

The court not only refused to instruct the jury for the defendant, Bush, but, in its instruction placed the burden of proof upon him. It is universally held by the courts that it is the duty of the court to direct a verdict when it is proper to set set aside a different one, if rendered. (North Pa. R. R. Co. v. Commercial National Bank, 123 N. S. 727, 52 Fed. 777.)

### AUTHORITIES CITED.

4 Cyc. 743; 43 Kv 99; Am. & Eng. Ency. of Law, 23 vol. 558; Hollon v. Lilly, 100 Ky. 559; North Pa. R. R. Co. v. Commercial National Bank, 123 N. S 727, 52 Fed. 177; Reynolds v. Wright, 38 S. W. 861.

F. J. EVERSOLE and PETER T. WHEELER for appellees.

### POINTS AND AUTHORITIES.

1. On waiving errors in sustaining attachments. (5 Bush 178;

5 B. M. 178; 12 Ky. Law Rep. 291; 13 Ky. Law Rep. 542; 15 Ky. Law Rep. 269; Sneed, 296; 9 Dana 233; 8 B. M. 212; 1 Duv. 93.)

2. Burden of proof. (Civil Code, section 29; Taylor v. Taylor, 3 Bush 118.)

3. On refusing peremptory instructions. (United Society of Shakers v. Underwood, etc., 11 Bush 265; Taylor v. Taylor, 3 Bush 118.)

OPINION OF THE COURT BY WM. ROGERS CLAY, Commissioner—Reversing.

The appellees, Johnson & Johnson, Albert Stacy, and C. W. Price, on November 6, 1907, filed three separate actions in the Perry circuit court against appellant, G. G. Brown. Johnson & Johnson's claim amounted to $89.09. Stacy's claim amounted to $236.45, Price's claim to $362.50. Each secured an order of attachment which was levied upon a tramroad that Brown had been operating and upon other property. The three actions were afterwards consolidated and heard together. During the progress of the case appellant O. G. Bush filed his intervening petition, claiming to be the owner of the tramroad. His claim of ownership was controverted by appellees, who also charged that, if he had purchased the tramroad in question, he did so for the purpose of defrauding appellees in the collection of their claims. The issue between the appellees and appellant Bush as to the ownership of the tramroad was submitted to a jury and decided in favor of appellees. From the judgment based thereon, O. G. Bush appeals.

Appellant asks a reversal upon two grounds: First, that the court erred in placing the burden of proof upon him; second, that the verdict is flagrantly against the weight of the evidence.

In considering the question who had the burden of proof, we must remember that Bush intervened in

this action under section 29 of the Civil Code of Practice. Appellant relies upon the case of Bowling's Adm'x v. Davis, etc., 103 Ky. 187, 44 S. W. 643, 45 S. W. 77, 19 Ky. Law Rep. 1859. That, however, was not a case arising under section 29 of the Civil Code of Practice. The petition in that case charged that Henry Davis, the son of the defendant Jonathan Davis, held certain property and pretended to own the same, when, in fact and in truth, it was the property of Jonathan Davis. It was necessary, then, in order for plaintiff to recover the property in question, that he should establish that Henry Davis merely held the property for the real owner. Upon this question the court held that the burden of proof was upon plaintiff. In the case at bar, Bush intervened, and claimed to be the owner of the property which had formerly belonged to Brown. That being so, the burden was upon him to show ownership, for the rule is well settled that, upon issues joined between the plaintiff and the claimant, the burden is upon the claimant to prove the validity of his assignment or the superiority of his title.   20 Cyc. 1135; Taylor v. Taylor, 3 Bush, 118.

We shall next consider the question whether or not the verdict was flagrantly against the weight of the evidence. The evidence for plaintiff was to the effect that G. G. Brown was indebted to, and behind on his contract with, the firm of Dudley Enoch & Co., for whom he was working; that during the latter part of October, 1907, Brown, in the city of Parkersburg, W. Va., turned over the tramroad in question to Dudley Enoch & Co. The consideration for this transfer was Brown's indebtedness to that company. On November 2, 1907, Dudley Enoch & Co., by written contract, sold the tramroad to the appellant

Bush. The consideration was his undertaking to complete the contract to get out the timber. The latter contract was in writing, but was misplaced or lost at the time the testimony was taken. The execution of the contract was proved by both Bush and the attorney to whom he delivered the contract. These facts are testified to, not only by Bush, but by Mr. Enoch, of the firm of Dudley Enoch & Co. No attempt was made in the record to impeach these witnesses in any way. The past indebtedness of Brown to Dudley Enoch & Co. was sufficient consideration for the sale in question. Of course, the sale could have been attacked under the act of 1856 as a fraudulent preference. This, however, was not done. Where two witnesses solemnly declare, under oath, that the sale from Brown to Dudley Enoch & Co., and the sale from the latter company to Bush actually took place before the levy of the attachments in question, and there is nothing in the record impeaching these witnesses, the jury was not justified, on the ground of suspicion alone, in returning a verdict in favor of appellees. The verdict was flagrantly against the weight of the evidence, and for that reason should be set aside.

The judgment is reversed, and cause remanded for a new trial consistent with this opinion.