## The Natlee Draft Horse Co. v. Cripe & Co., et al.

### (Decided March 16, 1911.)

### Appeal from Owen Circuit Court.

Attorney and Client—Disclosing Conversations—Relative Rights.— The authorities seem to support the principle that it is the right of the client to object to his attorney relating any conversation had between them, but that the attorney can not claim any such privilege unless the client objects.

W. A. LEE and BOTTS, PERRY & LINDSAY for appellant.

VALLANDINGHAM & ALEXANDER and J. W. DOUGLASS for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellant is an association of men doing business under that name in Owen County, Kentucky. Marion Cripe & Co. is a firm dealing in horses in the State of Indiana. They sold a stallion by the name of "Clarion" to appellant in 1908, at the price of $1,600.00 and, according to appellant's petition, they obligated themselves at the time of the sale and as a part of the consideration for the horse, to not stand a horse themselves or to sell another horse to any person who would stand it within ten miles of Natlee, Owen county, Kentucky. It is further alleged in the petition that a few days after the sale Marion Cripe & Co. sold another horse to be stood at Corinth, Grant county, a place within ten miles of Natlee; that they also sold a horse to another person at Lusby, Owen county, which is also within ten miles of Natlee; that in the vicinity of these two places there was good farming country and a number of good brood mares; that by reason of Marion Cripe & Company's failure to carry out their contract, the horse, "Clarion," had not served as many mares as he would have otherwise served by at least fifty a season and that the charge for services was $15.00 for each mare. Appellant claims damages from Cripe & Co. to the extent of $2,000.00, and as they were non-residents of this State, appellant obtained a general attachment and the sheriff or his deputy

levied it upon a roan stallion in Owen county, as the property of Marion Cripe & Co. David Orr filed his petition under section 29 of the Civil Code, alleging that he was the owner of the horse levied upon at the time the action was instituted and at the time of the levy of the attachment. This petition was controverted of record, and on a trial in the lower court before a jury, Orr was adjudged the horse, from which judgment appellant prosecutes this appeal. Two grounds for a reversal are assigned; first, because the court erred in placing the burden of proof upon Orr and in giving his counsel the closing argument; second, because the court erred in failing to compel the witness J. H. Settle to answer certain questions while on the witness stand.

The issue between Orr and appellant was simple and distinct—he claimed to be the owner of the horse and appellant denied that he was the owner. It seems to us that if no proof had been introduced, Orr would have failed, therefore the burden rested upon him to show that he was the owner of it, and this court has so held in the case of Brown, et al v. Johnson & Johnson, 132 Ky., 70. Consequently, the lower court did not err in that matter.

The alleged error committed by the court in not compelling Settle, the witness, to answer certain questions is somewhat complicated. Settle is a lawyer at the Owen county bar. When Orr was upon the stand as a witness, he was asked if he first employed Settle to represent him in the litigation with reference to the horse, and he said "no." He was then asked if he was willing for Settle to testify in the case, and he said that he had no objection. Orr testified that he paid for the horse in controversy by checks, and presented them on the trial to show that he had paid the full purchase price. Settle was introduced by, appellant, as a witness, and Mr. Douglas, Orr's counsel, objected to him testifying, but the court overruled the objections stating that he did so because Orr had previously given his consent. Settle was then asked if Orr ever told him that he paid for the horse by checks, and Settle then said that he would like to claim his privilege as an attorney and not testify, as it would place him in an embarrassing position. (It appears that Orr consulted Settle as an attorney.) Appellant's counsel then made an avowal that if the witness

would answer he would say "yes." Another question was then asked Settle wherein it was sought to learn whether or not Orr told him that he did not bring him the checks to examine as they paid for another horse, and an avowal was made wherein it was stated that he would say "yes" if he would answer the question. Orr's attorney objected to each and all the questions asked Settle. The authorities seem to support the principle that it is the right of the client to object to an attorney relating any conversation had between them, but that the attorney cannot claim any such privilege unless the client objects. In this case Orr objected to each and every question asked Settle, and if he could be deemed to have consented in the first place, he had a right to and did withdraw that consent by the action of Douglas, his attorney, in objecting, and for this reason the lower court did not err in that matter.

It appears from the record that appellant had a reasonably fair trial and the judgment is affirmed.