### Daugherty, et al. v. Bell National Bank, et al.

(Decided May 8, 1917.)

### Appeal from Bell Circuit Court.

1. **Bills and Notes—Parties—Defense.**—The owner of a note may sue any one, or all, of the parties liable thereon, at his option, and it is no defense for one joint maker, that another maker is not properly before the court or is not proceeded against at all.

514 KENTUCKY REPORTS. [Vol. 175.

2. Pleading—Curing Defects.—Where two or more actions are consolidated, a defect in the pleadings of any one of the consolidated cases may be cured by necessary allegations contained in the pleadings of any of the other consolidated cases, and an allegation put in issue in any one of them is in issue for the purposes of the consolidated action.

3. Exemptions—Evidence—Burden of Proof.—On a plea of exemption the burden is upon the one claiming the exemption to show that the property is exempt from execution.

4. Attachment—Burden of Proof.—Where in an action property is attached as the property of the defendant, one who intervenes in the action and claims title to the attached property has the burden of proof upon that issue.

MARTIN T. KELLY for appellants.

JAMES M. GILBERT and D. B. LOGAN for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

On September 24, 1913, the Bell National Bank and D. B. Logan filed separate suits against appellant, Hettie A. Daugherty, and others, upon notes for $500.00, executed and delivered to each plaintiff. A general order of attachment was issued in each case and levied upon certain personal property, as the property of appellant, Hettie A. Daugherty.

On June 27, 1914, a judgment was rendered in the suit of D. B. Logan against Hettie A. Daugherty, for the amount of her note, with interest and costs; but questions raised under the attachment in that case were continued for further orders of the court. No appeal is prosecuted from the personal judgment in that case, hence we will not have to consider any of the questions attempted to be raised affecting its validity.

Thereafter, the two cases against appellant were consolidated, and, at the October, 1915, term of the court, upon a general submission, a judgment was rendered in favor of the Bell National Bank, upon its note against appellant, Hettie A. Daugherty, for the amount thereof, with interest and costs; the attachments were sustained and the attached property ordered to be sold in satisfaction of the judgments in favor of both D. B. Logan and the Bell National Bank. From this latter judgment this appeal is prosecuted.

In the case of Bell National Bank against appellant, Daugherty, she filed an answer, alleging that her co-defendant, Nuchols & Company, which was a joint maker

of the note to the bank, was not a partnership, as alleged in the petition, but was, in fact, a Kentucky corporation, and asked that the bank be required to sue Nuchols & Company as a corporation; but she did not deny that she, individually, executed the note as a joint maker with Nuchols & Company.

To this defense a demurrer was sustained, and her counsel now insists that this was error, which he urges upon us as a ground for reversal. The answer, however, presented no defense for Mrs. Daugherty, since, failing to deny that she executed the note, it must be taken as confessed that she did so, which, in fact, is shown to be true by the note, filed as a part of the petition, bearing her signature. Since the owner of a note may sue any one, or all, of the parties liable thereon, it is no defense for one of the makers to allege that another maker is not properly before the court, or that it is not proceeded against at all. Section 27 of the Civil Code; Waits v. McClure, 10 Bush 763; Gossom v. Badgett, 6 Bush 97; Quisenberry v. Artis, 1 Duvall 30; Moore v. Estes, 79 Ky. 282; Crump v. Case, 136 Ky. 60.

2. In the affidavit for attachment, plaintiffs alleged several grounds therefor, a part only of which were traversed by the answer of appellant, Daugherty. She did not deny the allegation that she and her co-defendants did not have, severally or collectively, sufficient property in the state to satisfy the judgment, or that collection would be endangered by delay in obtaining judgment and a return of no property found. It is, therefore, clear that the court did not err in sustaining the attachment as against Hettie A. Daugherty.

3. Appellant, Willie Jean Hodges, filed a petition in each of these two cases, to be made a party defendant, alleging that she owned an undivided one-half interest in the attached property, as the child and heir of William J. Hodges, deceased; that the attached property was the property of said William J. Hodges at his death, and descended, subject to his debts, in equal shares to her, as his only child, and to her mother, appellant, Hettie A. Daugherty, his widow, who has remarried. She was made a party, and her petition was permitted to be filed as her answer in each case.

Appellee, Logan, filed a reply in his case, traversing the allegations of her petition. The affidavit of the clerk of the Bell circuit court is filed, which states that a reply to her petition and answer in the case of the Bell National

Bank was in the papers, but not marked filed, and that there was no order filing the reply. It is now claimed that the allegations of her petition must be taken as confessed because the record does not show a denial thereof in that case, but this result does not follow, because of the fact that the two cases, involving the title to the same property, were consolidated and tried, upon the question, as one case. The allegations of the petition asserting title to the property having been put in issue by the reply in one case, are at issue for the purposes of the consolidated action. This court has frequently held that when cases are consolidated, a defect in the pleadings of any one of the consolidated cases may be cured and supplied by necessary allegations that are contained in any of the pleadings in the other consolidated cause. Thompson's Administrator v. Bailey's Administrator, 1 Ky. Law Rep. 321; Von Cotzhausen v. Barker, 154 Ky. 624.

When the pleadings are considered as a whole, as they must be, all material allegations as to the title of the attached property are found to be at issue, as well as the claim of appellant, Hettie A. Daugherty, that she is a housekeeper and that the attached property is exempt from attachment or execution. As these two questions were put in issue by the pleadings, and as no evidence was offered or heard upon either question, judgment would go against the party having the burden of proof. The appellant, Willie Jean Hodges, as an intervener, has asserted title to the attached property, which is denied by appellee. Having thus asserted title to the property, the burden was upon her to substantiate her claim by proof, the rule being well settled, that upon such an issue the burden is upon the claimant to prove the superiority of his title. Taylor v. Taylor, 3 Bush 118; Brown, etc., v. Johnson & Johnson, 132 Ky. 70; The Natlee Draft Horse Co. v. Cripe & Co., 142 Ky. 810; 20 Cyc. 1135. It, therefore, results that the court did not err in dismissing the petition of appellant, Willie Jean Hodges.

Upon the other questions at issue, as to whether the attached property was exempt, the burden is likewise upon the defendant presenting this affirmative defense, and having failed to offer any evidence, in support of this claim, the court did not err in ordering the sale of the attached property.

Wherefore, the judgment is affirmed.