## Leader v. McGee.

(Decided May 13, 1924.)

## Appeal from Warren Circuit Court.

1. Contracts—Recovery May be Had where One of Two Alleged Joint Contractors was Found Not Party.—Judgment could be rendered against one of two alleged joint contractors upon proof that contract was made with him alone, in view of Civil Code of Practice, section 131.

2. Trial—Instruction Held Erroneous and Prejudicial.—An instruction grouping three items of counterclaim by copulative conjunction "and," with result that jury could not find for defendant on any particular item unless they believed that he was entitled to recover on all items, was erroneous, and was not cured by instruction that if jury found for plaintiff in any sum and also for defendant in any sum they should offset one against the other.

3. Compromise and Settlement—One Receiving Note in Settlement can Recover Only Face Thereof and Interest.—Where there was bona fide dispute as to amount due and check and note were accepted in full settlement and note was not paid, recovery could be had only for amount of note and interest.

THOMAS, THOMAS & LOGAN for appellant.

HERDMAN & ROPER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Charles H. McGee brought this suit against M. Leader and L. Pizitz to recover the sum of $1,047.50, the balance alleged to be due under a contract for drilling an oil well on the M. M. Ennis lease in Warren county. In addition to denying the allegations of the petition, Leader and Pizitz pleaded a settlement, and also asserted a counterclaim in the sum of $895.00, composed of three items, one of $396.00 alleged to have been fraudulently obtained in the settlement for the drilling of the well on the C. G. Davenport lease, another of $324.00 for damages alleged to have been caused by the negligence of McGee in drilling the well on the Davenport lease, and a third of $175.00, which it is alleged McGee was overpaid for drilling well No. 1 on the M. M. Ennis lease. A trial before a jury resulted in a verdict and judgment against M. Leader for the amount sued for and he appeals.

It developed on the trial that Pizitz was not a party to the contract. It is therefore insisted that appellee

was not entitled to a judgment against appellant, as there was a variance between the contract alleged and the contract shown by the evidence. It is true that in Gossom v. Badgett, 6 Bush 97, it was held that in an action against two upon an alleged joint contract, no judgment could be rendered against one upon proof that the contract was made with him alone, but by the subsequent act of March 24, 1888, the following amendment was made to section 131 of the Civil Code:

"In an action on a contract alleged to have been made by several defendants, in the event the evidence shall show the contract to have been made with less than all those defendants by whom it is alleged to have been made, this shall not be deemed either a variance or failure of proof, but judgment may be rendered against the party or parties shown to be bound, and in favor of those shown not to be bound."

Afterwards the amendment was construed in the case of Curran v. Stein, 110 Ky. 99, 60 S. W. 839, and the rule laid down that in an action on an alleged joint contract, the failure of proof as to some of the defendants does not prevent judgment for plaintiff against the defendant shown to be bound.

Instruction No. 3 is as follows:

"If the jury believe from the evidence that plaintiff did wrongfully and fraudulently charge and collect from defendant $396.00 more than was due him for drilling the C. G. Davenport well No. 1, and shall further believe from the evidence that plaintiff or his employees negligently placed the rope complained of in said well, and that by reason thereof plaintiff worked nine days in cleaning out said well, for which he charged $324.00, and shall further believe from the evidence that plaintiff collected from defendant $175.00 more than was due him for drilling well No. 1 on the Davenport lease, then the jury will find for defendant not to exceed the amount claimed by defendant. to-wit: $895.00, and unless they shall so believe they will find for the plaintiff."

It will be observed that the instruction groups the three items of counterclaim by the copulative conjunction, "and," with the result that the jury could not find for appellant on any particular item, unless they believed from the evidence that he was entitled to recover on all

the items. It is clear that the instruction is erroneous, and equally clear that the error was not cured by instruction 4, which merely told the jury that if they found for plaintiff in any sum, and also found for the defendant in any sum on his offset, they should offset the one against the other and bring in a verdict for the overplus in favor of the party entitled thereto.

It appears that appellant delivered a check to appellee for $1,500.00, which was paid, and at the same time a note for $829.69, which was not paid. Appellant claims that the check and note were accepted by appellee in full settlement of the balance due, but this is denied by appellee. In order to simplify the issues on another trial, appellee will be permitted to amend and declare both on the contract and the note, with the corresponding right of appellant to file such defensive pleading as he may desire. Then if the jury shall believe from the evidence that there was a *bona fide* dispute as to the amount due, and that the check and note were accepted in full settlement of whatever was due, appellee will be entitled to recover only the amount of the note and interest. On the other hand, if the jury shall believe from the evidence that the check and note were not accepted in full settlement, appellee will be entitled to recover not only the amount of the note and interest, but also any additional sum that the jury may believe is due him for work done under the contract, or at the instance and request of appellant.

Judgment reversed and cause remanded for new trial consistent with this opinion.