## Hibbard et al. v. Clay County et al.

March 13, 1945.

C. R. Luker for appellants.

A. T. W. Manning for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On February 5, 1927, Frank Hibbard and Eva Hibbard, his wife, and Walter Sizemore and Lula Sizemore, his wife, borrowed $1,500 from Clay County and executed their note for that amount to W. M. Marcum, treasurer of Clay County. The note was due 12 months after date, and bore interest at the rate of 6 per cent. per annum from its date. $750 was paid by the county treasurer to the Hibbards and $750 to the Sizemores. The Hibbards executed a mortgage on 48 acres of land, and they and the Sizemores executed a mortgage on an 80-acre tract of land, owned jointly by the Hibbards and the Sizemores, to secure the payment of the note. Some interest on the note was paid, and the Sizemores paid $350 on the principal. On March 15, 1936, Clay County brought an action against the Hibbards on the note. W. M. Marcum was made a defendant. It was alleged in the petition that he refused to institute the action or to permit the use of his name as a plaintiff. The County prayed for a judgment against Frank Hibbard and Eva Hibbard for the amount of the note, with interest, and asked that it be adjudged a lien on the 48-acre tract of land; that the land be sold, and that the proceeds of the sale be applied to the payment of its debt, interest, and costs. It was also asked that the defendant W. M. Marcum be required to answer and to file the note referred to in the petition. It appears that on February 3, 1940, a judgment was entered

against Frank Hibbard and Eva Hibbard for $1,497, with interest on $1,150 from the date of the judgment. Obviously the judgment for $1,497 included $347 past due interest. The judgment directed the sale of the 48-acre tract of land. On March 27, 1944, the Hibbards filed an action under section 518 of the Civil Code of Practice to set aside the judgment of February 3, 1940. A demurrer to the petition was sustained, and, from the judgment dismissing the petition, the plaintiffs have appealed.

In the action to set aside the judgment, Clay County, Walter Sizemore, Lula Sizemore, Autho Sizemore, and Ray Philpot were made defendants. It was alleged in the petition that all of the pleadings and papers in the action in which the County obtained a judgment against the Hibbards had been lost, but a copy of the petition was found and was filed with the petition in this action. It was further alleged that the 48-acre tract of land was sold under the judgment of February 3, 1940, and that one Charles Smith became the purchaser; that the sale was set aside, and the land was resold on April 5, 1943, when Autho Sizemore became the purchaser. He later executed a mortgage on the land to Ray Philpot. The petition is a lengthy pleading, but its burden is that the judgment of February 3, 1940, is erroneous and ought to be set aside because Walter Sizemore and Lula Sizemore were not made defendants in the action on the note, and judgment for the entire amount of the note and interest, was rendered against the plaintiffs when their part of the debt amounted to only $750, with interest from February 5, 1933, and therefore was excessive. The plaintiffs alleged that the judgment was procured by fraud on the part of Walter Sizemore and Autho Sizemore, and that Autho Sizemore purchased the land at the commissioner's sale and later executed a mortgage to Ray Philpot with the intention of defrauding and cheating the defendants and Clay County.

Appellants cannot complain because the Sizemores were not made defendants in the action on the note. They were joint makers and were severally liable to Clay County for the full amount. Section 27, Civil Code of Practice; Daugherty v. Bell National Bank, 175 Ky. 513, 194 S. W. 545; Howard v. Southern National Bank, 204 Ky. 71, 263 S. W. 719.

The allegations of fraud are mere conclusions. The County is not charged with fraud. The Sizemores were not parties to the action in which the judgment sought to be set aside was obtained, and it is not alleged that they took any part in the proceedings or even knew, prior to the entry of the judgment, that the action was pending. No facts constituting fraud are alleged. The petition contains this paragraph:

"Plaintiffs say that this judgment is void, because it is excessive, and, although it states in the judgment that these plaintiffs were before the court, the fact is that these plaintiffs were not served with process and were not properly before the court, and that it is unjust, and that Walter Sizemore and his wife should have been defendants in said action, and that they should have taken a lien on the 80 acre tract of land as well as on the 48 acre tract of land upon which said judgment adjudges a lien."

Further along in the petition it is alleged that the land was sold to Charles Smith and that on January 27, 1943, a notice was served that a motion would be made to redocket the case. Presumably this notice was served on appellants. It was also alleged in the petition that a motion to redocket the case was made on February 11, 1943, and the sale to Smith was set aside. The land was readvertised and sold on April 5, 1943. It was appraised at $200 and sold for $309, and Clay County was paid $234.82 out of the proceeds of the sale.

The petition is loosely drawn and contains contradictory statements, but a fair inference from its averments is that appellants took part in the proceedings, especially subsequent to the entry of the judgment. It is nowhere alleged that they did not enter their appearance. We think that the petition wholly failed to state a cause of action under section 518 of the Civil Code.

Judgment affirmed.