## Williamson, et al. v. Justice.

(Decided February 27, 1917.)

### Appeal from Pike Circuit Court.

1. Depositions—Appeal and Error—Review of Objection to Depositions.—An objection to the manner of taking a deposition, or to its competency, cannot be considered upon appeal unless the question is raised in the trial court as provided in sections 587 to 589 inclusive of the Civil Code of Practice.

2. Deeds—Delivery—Evidence.—Evidence reviewed and held to show that plaintiff, at the time he executed the deed to defendants, had not sufficient mind to know what he was doing, and, that there was no delivery of the deed by him.

W. W. REYNOLDS, W. K. STEELE and J. S. CLINE for appellants.

F. W. STOWERS and SAM C. STOWERS for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

John Justice, plaintiff below, instituted this action against his son-in-law, John Williamson, and the children of his deceased daughter, Elizabeth Williamson, to cancel a deed of date December 19th, 1911, conveying to John Williamson and his wife, Elizabeth Williamson, and their bodily heirs, a tract of land in Pike county, upon the grounds, that there was no delivery of the writing to the grantees, or any of them, and, that the grantor, when the deeds were executed, did not have

sufficient mental capacity to understand what he was doing and did not know, until told some time thereafter, that he had executed such a deed. Issue was joined upon both grounds alleged, proof taken, and upon submission the chancellor cancelled the deed; from which judgment defendants have appealed.

The grounds relied upon for reversal are, that the testimony of John Justice, the plaintiff, ought not to have been considered by the court, because his deposition was given on September 6th, 1915, after he had taken the depositions of other witnesses in his behalf, on January 13th, 1914, and, that his evidence was incompetent, under subsection 2 of section 606 of the Civil Code of Practice, because four of the defendants were infants under fourteen years of age when his evidence was given and none of said defendants, or their guardians, testified in the action; second, that the judgment of the court is palpably against the great weight of the evidence.

Upon the question of the incompetency of the testimony of John Justice, it is sufficient to say, that the question was not, in any way, raised in the lower court, there being neither objection nor exception to the taking, filing or consideration of this deposition. We are not permitted to consider an objection to the manner of the taking of a deposition, or its competency, unless the objection is made in the circuit court. Sections 587 to 589, Civil Code of Practice, and notes thereto.

2. It is shown by the evidence, that, at the time plaintiff executed the deed in question, he was sick in bed, with "fevers," having been so confined for about four weeks; that he was about seventy-five years of age; and that upon the day the deed was executed, some of his children who were with him were of the opinion that he was in danger of immediate death. The evidence shows that he was at times delirious, upon that day and upon several days before; that a deputy county clerk was sent for, who prepared deeds dividing plaintiff's lands among his five living children and the defendants, who are the husband and children of a deceased daughter; that, after these deeds had been prepared by the deputy clerk, plaintiff signed same by mark rather than by signature, which he was ordinarily able to and did write; that the deeds, when so signed and acknowledged, were placed upon a table in the room,

and later taken charge of by one of plaintiff's sons, who placed his own deed on record; that the deed to appellants, which is the only one involved in this action, was later delivered by one of plaintiff's daughters to the defendant, John Williamson, who had it recorded; that the other four deeds were not delivered to the grantees, but, at the request of plaintiff, have been redelivered to him.

Unless the execution of the deeds by plaintiff, and their being placed upon the table in his room and in his presence, was a delivery by him, no delivery by him is shown. The deed by which the defendants claim a conveyance to them, names, as the grantees therein, John Williamson and his wife, Elizabeth Williamson, and their bodily heirs, although, as a matter of fact, Elizabeth Williamson was then dead. The plaintiff, contrary to the expectations of his children, did not die, but got well, and, after his recovery, upon learning of the execution of the deeds, demanded a return thereof; and four of them were returned to him. The son, James A. Justice, who had had his deed recorded, declined to return it, claiming he was not able to do so because the deed had been recorded, although he did not offer to reconvey the land, but testifies that there was no delivery of any of the deeds, by the father, and that the father did not have sufficient mind, at the time when the deeds were presented to him and signed and acknowledged by him, to know what he was doing. The testimony of the father, and some other witnesses, is to the same effect; while the deputy clerk who wrote the deeds and took the acknowledgment, testifies that the descriptions in the several deeds were dictated to him by the father, and that, at the time, plaintiff was of sound mind and clear understanding. No witness, however, attempted to explain why the deed under which the defendants claim was made to the plaintiff's daughter, Elizabeth Williamson, her husband and their bodily heirs, although she had died some time theretofore, almost in sight of the residence of the plaintiff.

Although there is some evidence that the plaintiff, after his recovery, said that one of the lines of the land conveyed to the defendants was not just where he wanted it; that he had some posts set where he wanted the line to be; and, that he had consented to a trade by some of the children to whom the deeds had been executed, of

the lands thereby conveyed, for other lands; and although there is some evidence that, possibly, the plaintiff does not mean to disturb the conveyances made to the other children, we are thoroughly convinced, by the great weight of the evidence, that the plaintiff did not have sufficient mind, at the time it is claimed he executed these deeds, to understand what he was doing, and, that there was, in fact, no delivery by him of any of the deeds; and we are, therefore, not warranted, upon the evidence, in reversing the judgment of the chancellor.

Wherefore, the judgment is affirmed.