## Coyle, et al. v. Dark Tobacco Growers' Co-operative Association.

(Decided November 10, 1925.)

### Appeal from Trigg Circuit Court.

1. Pleading—Reply Held on Matter which Should have Been Pleaded in Amendment to Petition, but Error Waived.—In suit to enjoin sale of tobacco to others than co-operative tobacco association and for damages, where complainant in reply to defendant's answer alleged certain conveyances to be fraudulent to defeat its contract, held, that such matter should have been set up by amendment to petition, but objection thereto was waived in view of Civil Code of Practice, section 134, since no objection was made and such reply was controverted of record by consent of parties and tried on merits.

2. Appeal and Error—Finding that Conveyances were Fraudulent Not Disturbed, where Mind Left in Doubt as to Truth.—Findings that certain conveyances were fraudulent will not be disturbed on appeal, where mind is left in doubt as to truth, Court

of Appeals giving considerable weight to findings of fact by circuit court in such cases.

3. Fraudulent Conveyances—Evidence Held to Show Conveyances Fraudulently Made to Avoid Fulfilling Contract with Co-operative Association to Knowledge of Grantees.—In suit to enjoin sale of tobacco to others than co-operative tobacco association and for damages, evidence held to show that conveyances by husband to wife and son, though for valuable consideration, were fraudulent and void as to complainant in view of Ky. Stats., section 1906, being made for the fraudulent purpose of enabling husband to avoid contracts made with association, of which contract and fraudulent intention wife and son had knowledge.

4. Agriculture—Judgment could Not be had Against Nonmember of Co-operative Association for Penalties, Costs of Executing Bond, or Attorney's Fees.—In action for injunction and for damages for breach of contract with co-operative association, held that under statute, Acts 1922, c. 1, section 18, judgment for penalties, costs of executing bond, and attorney's fees could be had only against one who was member, and a judgment therefor against member's wife and son, who were parties to fraudulent conveyance to defeat rights of association under contract, was erroneous.

BREATHITT & BREATHITT for appellants.

JOHN KING, ROY G. GARRISON and AARON SAPIRO for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming as to J. W. Coyle and reversing as to Minnie M. Coyle and Delphus C. Coyle.

J. W. Coyle on August 30, 1922, signed the usual contract with the Dark Tobacco Growers' Co-operative Association, by which he agreed to deliver to it all the tobacco he raised or controlled, beginning with the year 1922. He delivered to it the 1922 crop, but was dissatisfied with the grading. After this, on December 20, 1922, he and his wife, Minnie M. Coyle, executed to their son, Delphus C. Coyle, a bond by which they sold him one-half interest in the farm for $2,750.00, and agreed to give him possession January 1, 1923, but were not to make a deed until he had paid $500.00; this payment was to be made on April 20, 1923, and four notes were to be executed, payable annually, for the remainder of the purchase money. Delphus not having made the first payment of $500.00, J. W. Coyle, on March 16, 1923, in consideration of one dollar cash in hand paid, love and affection, and the further consideration that she assumed the payment

of certain indebtedness, then owing by him, conveyed the whole farm of 107 acres to his wife, Minnie M. Coyle. On August 1, 1923, J. W. Coyle and wife executed a deed to Delphus C. Coyle for one-half interest in the land pursuant to the title bond, reciting that the first payment of $500.00 had been paid. Seven acres of tobacco were raised on the farm that year. Delphus and his wife worked in the tobacco and so did J. W. Coyle. During the year. Delphus moved to Battle Creek, Michigan, taking his family with him and going there to stay permanently. J. W. Coyle had the tobacco cut and cured. He delivered part of it to a free warehouse and sold it. Thereupon the Co-operative Association brought this suit and enjoined him from selling the remainder of the tobacco. The issues were made up and by consent of parties the testimony was heard orally by the court. After hearing the testimony the court entered judgment sustaining the injunction, adjudging that Coyle deliver the remainder of the tobacco to the Co-operative Association, and adjudging that it recover of the defendants, J. W. Coyle, Minnie M. Coyle and Delphus C. Coyle, the sum of five cents a pound as liquidated damages for the 2,815 pounds of tobacco delivered by them to persons other than the plaintiff, amounting to the sum of $140.75, also its cost, including the cost of executing bond and an attorney's fee of $50.00. From this judgment the three defendants appeal.

As to Minnie M. Coyle and Delphus C. Coyle it is insisted that the petition stated no cause of action against them. They were both made defendants to the petition. It is alleged in the petition that Delphus C. Coyle was the tenant of J. W. Coyle, but there was no allegation as to Minnie M. Coyle in the body of the petition. However, she and Delphus both filed their answer in which they set up the deeds above referred to and in the plaintiff's replies to these answers it was aptly pleaded that these deeds were made for the fraudulent purpose of defeating the plaintiff's contract. The reply, by consent of parties, was controverted of record and the case was tried on the merits. The matters set up in the reply should have been set up by an amendment to the petition, but no objection being made to the reply and it by consent having been controverted of record, the objection to the form of the pleading was waived. The error

did not in any way prejudice the substantial rights of the parties.

> "The court must, in every stage of an action, disregard any error or defect in the proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defeat." Civil Code, sec. 134.

The proof on the trial showed beyond doubt that Minnie M. Coyle and Delphus C. Coyle both knew of the contract made by J. W. Coyle with the Co-operative Association, and it leaves little doubt that the bond and the two deeds were executed by him for the purpose of avoiding this contract. Section 1906, Ky. Stats., provides:

> "Every gift, conveyance, assignment or transfer of, or charge upon, any estate, real or personal, or right or thing in action, or any rent or profit thereof, made with the intent to delay, hinder or defraud creditors, purchasers or other persons, and every bond, or other evidence of debt given, action commenced or judgment suffered, with like intent, shall be void, as against such creditors, purchasers and other persons. This section shall not affect the title of a purchaser for valuable consideration, unless it appear that he had notice of the fraudulent intent of his immediate grantor or of the fraud rendering void the title of such grantor."

In such cases this court gives considerable weight to the finding of fact by the circuit court, and does not disturb his conclusion where the mind is left in doubt as to the truth. Under this rule the chancellor's judgment here cannot be disturbed. By the statute every conveyance made with the intent to delay, hinder or defraud creditors or other persons shall be void. The only exception allowed by the statute is that it shall not affect the title of a purchaser for valuable consideration, and this exception does not apply if it appear that he had notice of the fraudulent intent of his immediate grantor. The circuit court was well warranted in finding that both Minnie M. Coyle and Delphus C. Coyle had notice of the fraudulent intent of J. W. Coyle, and this being true, although they were purchasers for valuable considera-

tion, their deeds are invalid as to the Co-operative Association.

The judgment for 5 per cent. damages on the amount of the tobacco sold and for the attorney's fee of $50.00 is based upon the statute, but the statute only gives this penalty against the member.

"The by-laws or the marketing contract may fix, as liquidating damages, specific sums to be paid by the member or stockholder to the association upon the breach by him of any provision of the marketing contract regarding the sale or delivery or withholding of products; and may further provide that the member will pay all costs, premiums for bonds, expenses and fees, in case any action is brought upon the contract by the association; and any such provisions shall be valid and enforceable in the courts of this state; and such clauses providing for liquidated damages shall be enforceable as such and shall not be regarded as penalties.

"In the event of any such breach or threatened breach of such marketing contract by a member, the association shall be entitled to an injunction to prevent the further breach of the contract and to a decree of specific performance thereof. Pending the adjudication of such an action and upon filing a verified complaint showing the breach or threatened breach, and upon filing a sufficient bond, the association shall be entitled to a temporary injunction against the member." Acts of Ky., 1922, sec. 18.

The contract followed the statute and is binding on J. W. Coyle who signed it. Neither Minnie M. Coyle nor Delphus C. Coyle were members. The judgment was proper against J. W. Coyle, who was a member, but as to the penalty, cost of executing bond and attorney's fee, it was not warranted against Minnie M. Coyle or Delphus C. Coyle.

The judgment as to J. W. Coyle is affirmed, but as to Minnie M. Coyle and Delphus C. Coyle it is reversed to the extent above indicated.