## Amick v. Huffman.

(Decided January 18, 1927.)

### Appeal from Pike Circuit Court.

1. Appeal and Error—Court of Appeals will Not Disturb Chancellor's Finding on Credibility of Witnesses.—Court of Appeals will not disturb finding of chancellor on credibility of witnesses, where it was was not a case where it could be said that mind was not left in doubt as to truth.

2. Pleading—Where Exhibit Showing Amount of Extras Used in Constructing Building was Not Filed with Pleading Nor Made Part Thereof, Nor Referred to Therein, it could Not Control Pleading. —In suit on building contract, where exhibit showing itemized statement of extras was not filed with pleading and was not made a part of pleading, nor referred to therein, it could not control pleading.

PICKLESIMER & STEELE for appellant.

STRATTON & STEPHENSON for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Miss Florence Amick entered into a written contract with W. T. Huffman by which he was to build for her a house and she agreed to pay him $6,000.00 for building it. He brought this suit against her to recover the contract price, $6,000.00, also for extras $299.51, less $4,595.67 which had been paid, leaving a balance due him of $1,703.84. She filed an answer denying the allegations of the petition as to the extras and pleaded that Huffman had not built the house according to the contract and specifications, to her damage in the sum of $3,285.00. By consent of parties the case was referred to the master commissioner to take the proof and report a statement of the account between them. The commissioner reported in favor of Huffman. The defendant filed exceptions to the report, the exceptions were overruled and judgment entered for the plaintiff. Defendant appeals.

The proof shows that the lot on which the house was built is on the Big Sandy river and a fill had been made beyond the bank of the river. Miss Amick had had the foundation for the house built before the contract with Huffman was made. After the foundation stood for some months a two story brick house was built upon the found-

ation. The trouble with the house was, in the main, from settling. The floor sank an inch or an inch and a half in the center of the house; the doors would not shut; the gutters would not carry off the water. Miss Amick proved that in the basement the plans required a brick pillar to be built 18x18x12, and that the pillar supporting the floor above should rest on this foundation. Huffman did not build this brick pillar, but on the contrary built a brick wall entirely across the basement and rested a partition upon it. He testifies that he did this at Miss Amick's request; that she was there every day superintending the work and made this change in the plan. She denies this. The testimony in the case as a whole rather tends to support Huffman.

She also showed that the stairway was not built as provided in the plans. He concedes this, but testifies that it was built as she directed and that she made him change the plans and go to a considerable expense in so doing. His testimony on this score is confirmed by the man who did the work. It was shown that the gutters did not properly carry off the water and that the front porch had settled so that the water ran on the porch floor toward the building and not from it. The porch was built on made earth and (as he says) built as she directed. The made earth was thicker at the back of the porch than at the front and this may have caused the settling there. The weight of the two story brick building may well have caused a settling of the foundation resting on the made earth next to the river, and this may reasonably have caused the trouble in the gutters. The case presents simply a question of fact.

It is a settled rule of this court not to disturb the finding of the chancellor on the credibility of the witnesses. The commissioner and the chancellor both accepted as true the testimony of Huffman, and certainly this is not a case where it can be said that the mind is not left in doubt as to the truth.

It is complained that the judgment is too large, for the reason that the itemized statement of the extras filed in the record foots up only $239.83, when judgment was given for the full amount claimed in the petition, and the rule is relied on that an exhibit filed with the petition controls the pleading. But the exhibit in this case was not filed with the pleading; it is not made a part of the

pleading and is not referred to in it. It cannot, therefore, control the pleading. The proof warrants the judgment. What seems to be the fact is that this exhibit is dated July 15, 1922; and some work was done after this in finishing up things, and some done before that was omitted.

Judgment affirmed.