## Turner, et al. v. Kelly, et al.

## Turner, et al. v. Town of Evarts, et al.

(Decided January 25, 1927.)

Appeals from Harlan Circuit Court.

1. Municipal Corporations—Order of Trustees Changing Boundary of Town Held Ineffective, where Not Followed by Publication or Second Order (Ky. Stats., Section 3664).—Order of

board of trustees, changing boundary line of town and leaving out part of street, held ineffective to change boundary, where order was not published, and no second order entered, in view of Ky. Stats., section 3664, requiring ordinance to reduce boundaries of town must be published in newspaper or posted in towns having no newspaper, and requiring second ordinance in pursuance of ordinance published; it being impossible for board to change boundaries otherwise than as provided by statute.

2. Municipal Corporations—Town Trustees, Making no Assessment for Improving Street Intersections, Held Authorized to Make Reassessment Apportioning Cost to Property Owners.—Where town was not required by statute to pay assessments for improving streets at intersections, board of trustees, which on first apportionment of cost of improving intersections did not assess property owners, could, under ordinance providing for assessment of costs of street improvements against abutting property, make reassessment apportioning such cost to property owners.

3. Municipal Corporations—Trustees Could Reassess Cost of Improving Street Intersections, though Omitted from Original Assessment.—Board of trustees, required by ordinance to assess cost of improving street against abutting property, could reapportion cost of improving street intersections against property holders, though on first apportionment cost was not so assessed, as board was under duty to assess property for such cost, and could have been compelled by court to perform duty, there being no law requiring town to pay for improving street intersections.

4. Municipal Corporations—Findings as to Value of Property Assessed for Street Improvements Held Sustained (Ky. Stats., Section 3706).—In proceedings by property owners to enjoin improvements of streets, in which contractors claimed lien for improvements made, evidence held sufficient to sustain findings of court as to value of property assessed; value being material, under Ky. Stats., section 3706, requiring cost of improvements shall not exceed 50 per cent. of value of property improved.

5. Appeal and Error—Finding of Circuit Court will Not be Reversed, where Evidence Raises Doubt as to Truth.—Court will not reverse findings of circuit court on questions of fact, where, on all evidence, doubt arises as to truth of facts sought to be proved.

6. Municipal Corporations—Street Improvement Ordinance Held Not Increase of Town's Indebtedness Beyond Constitutional Limit.—Where expenses of improvement of streets were not borne by town, but by property owners, ordinance providing for improvements held not invalid, on ground that it increased town's indebtedness beyond constitutional limit.

LEE & SNYDER for appellants.

J. S. FORESTER for appellees.

· OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Evarts is a town of the sixth class in Harlan county.
The board of trustees on May 4, 1925, adopted an ordi-
nance for the improvement of certain streets of the town,
and advertised for bids for the work. Bids were re-
ceived, and on May 16, the bid of Owen Kelly and E. S.
Forrester, who were the lowest and best bidders, was ac-
cepted. A written contract was thereupon entered into.
On May 28, about sixty property owners of the town filed
an action against the trustees and the contractors to
obtain an injunction restraining the contractors from
carrying out the contract on the ground that the pro-
ceedings were invalid. No injunction was obtained; the
contractors proceeded with their work; when it was
finished the work was accepted by the trustees and the
cost of the work was apportioned to the property owners.
Thereupon the contractors brought an action against
those property owners who had not paid to enforce their
lien upon the property for the cost of the improvement.
This action was consolidated with the pending action by
the sixty property owners to enjoin the performance of
the contract. On final hearing the action by the property
owners to obtain an injunction was dismissed and judg-
ment was entered in favor of the contractors in the action
brought by them. From this judgment fifteen of the
property owners appeal. ·These fifteen are a part of the
sixty who brought the first action. The remainder of the
property owners have prosecuted no appeal.

It is insisted for appellants that a part of Yocum
street improved under the ordinance was not included
in the contract. In the order of the county court, entered
April 12, 1911, fixing the boundary of the town originally,
the boundary included this territory. Section 3664, Ken-
tucky Statutes, provides:

"Whenever it is deemed desirable to annex any
territory to a town, or to reduce the boundaries
thereof, the legislative department thereof may
enact an ordinance defining accurately the boundary
of the territory proposed to be annexed or stricken
off, and such ordinance shall thereupon be published
in at least ten issues of the daily paper published
in and having the largest circulation in the town, or
if there be no daily paper published in the town,

then in at least four issues of a weekly paper published in and having the largest circulation in the town; or if there be no daily or weekly paper published in the town, then by posting copies of the ordinance for at least ten days in four of the most public places in the town. In not less than thirty days after the enactment of such ordinance, if the publication or notice, as herein provided, has been made or given, and no petition is filed in the circuit court, as provided in the next section, the legislative department may, by ordinance, annex to the town the territory described in the ordinance hereinbefore mentioned, or reduce the limits, as the case may be; and upon the enactment of such ordinance, such territory shall become a part of such town or shall be stricken.''

On March 21, 1921, the board of trustees entered an order changing the boundary lines of the town and leaving out a part of Yocum street, but this order had no effect to change the boundary under the statute, unless followed by a second order as therein provided. No advertisement was made and no second order was entered This left the boundary as it stood before. When a controversy arose in this case about it, the county court entered an order turning over the street to the town and the town entered an order accepting the offer of the county court. But this was unnecessary. The boundary could only be changed as provided by the statute, and the statute not having been followed no change had been made.

The ordinance provided for the improvement of ''Yocum street from its intersection with Nolan street, its entire length.'' The advertisement for the work specified that Yocum street was to be improved from the intersection of Nolan street to the town boundary. There was no discrepancy here. The whole of Yocum street lay between the intersection of Nolan street and the town boundary. The street could not be improved its entire length unless it was improved from Nolan street to the town boundary.

The ordinance provided that the cost of the improvement should be ascertained and assessed against the property abutting on each side of said streets or blocks, ''except such part thereof as is required by law to be paid by the town.'' There was no statute in force in

this class of towns requiring the town to pay for the street intersections or any other part of the work covered by the ordinance. But there were such provisions applicable in certain other classes of towns and the board of trustees were in doubt on the subject. When they made the first apportionment of the cost they did not assess against the property holders the cost of the street intersection, but later made a reassessment apportioning to the property owners the cost of the intersections. This was pursuant to the rule laid down by this court in Morton v. Sullivan, 96 S. W. 807, and Bonar v. Town of Southgate, 215 Ky. 133. The ten-year bond plan was not adopted. No part of the improvement was required by law to be paid by the town. The trustees having by mistake failed to make a proper apportionment of the cost could have been compelled by the circuit court to make a proper apportionment if they had refused to do so. When they did voluntarily what the court would have required them to do the effect of their action is the same as if it had been required by the court. The mandatory duty was imposed upon them to make a proper apportionment. This they did in the end. The fact that they first made a mistake is immaterial.

The statute provides that the cost of such work "shall not exceed 50% of the value of the ground after such improvement is made, excluding the value of the buildings and other improvements upon the property so improved." Ky. Stats., sec. 3706.

It is earnestly insisted that appellant's property is of value insufficient to warrant the judgment of the circuit court under the statute. The court did not hold all the property owners liable for the full assessment, but reduced the assessment on the upper end of Yocum street to $4.00 a foot, holding that the fair value of this property was $8.00 a front foot.

The evidence is very conflicting as to the value of the property. Appellants and a number of witnesses for them testify that the assessment exceeds the statutory limits. On the contrary, a number of witnesses testify on the other side that the assessment is well within the statutory limit. We have carefully gone over the evidence and, considering the facts stated by the witnesses, conclude that the weight of the evidence sustains the finding of the circuit court. Clearly it is not a case where it can be held that the mind is not left in doubt as to the

truth, and the settled rule of this court is not to reverse the finding of the circuit court on questions of fact like this where on all the evidence the mind is left in doubt as to the truth.

As no part of the expenses of the improvement was borne by the town the ordinance added nothing to the in-. debtedness of the town and was not invalid on the ground that it increased the indebtedness of the town beyond the constitutional limit.

Judgment affirmed.