## Irma Bernheimer v. Priscilla L. Bernheimer, Executor, et al.

(Decided February 8, 1927.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

1.  Executors and Administrators.—Commissioner's finding reporting settlement of complicated accounts of administratrix, approved by circuit court, will be given much weight on appeal.

2. Executors and Administrators.—Commissioner's settlement of complicated accounts of administratrix held to do substantial justice.

3. Appeal and Error.—Judgment will not be reversed on the facts when on the whole record the mind is left in doubt as to the truth.

EUGENE ATTKISSON for appellant.

ARTHUR B. BENSINGER for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

Louis Bernheimer died testate in Montgomery, Alabama, on February 8, 1911, leaving surviving him his wife, Priscilla, and four daughters, Irma, Irena, Ruth and Bertha, the oldest of whom was then twenty-two years of age and the youngest sixteen. The will was duly probated. The executors named in the will qualified and at the end of a year made a settlement, which was confirmed. As shown by this settlement the amount in the hands of the executors was about $125,000.00. In addition to this there was real estate worth about $30,000.00. All the daughters were unmarried. The oldest was living in New York; the other three were living with their mother in Montgomery. Later she moved to Louisville, bringing her three younger daughters with her. On June 30, 1922, Irma Bernheimer brought this suit against her mother and her sisters, charging that her mother had not accounted for all the estate she received or paid to her what she should have paid her. She prayed, in substance, that the property be taken out of the hands of her mother and placed in the hands of a receiver. During the pendency of the action the mother died and the Lousville Trust Company was appointed as her executor and also as receiver of the estate of Louis Bernheimer. On final hearing of the action the court dismissed the plaintiff's petition. She appeals.

The first question made in the case is the proper construction of the will of Louis Bernheimer. The plaintiff insists that under this will the mother took only a life estate, with no power to spend any part of the principal. On the other hand, the defendants insist that she was authorized as a life tenant to use either the principal or the income in the maintenance, education and support of herself and the children in any way she deemed best.

But back of this is the question, did the mother spend any part of the principal? For if she did not it is unnecessary now to define her rights under the will, as she is dead.

The commissioner, to whom the case was referred to report a settlement, filed a report showing that the mother spent no part of the principal of the estate. This report was made after thorough examination of all the exhibits and the proof taken in the case. Numerous exceptions were filed to the report and the case was again heard fully before the chancellor. He overruled all the exceptions and confirmed the report. This court gives much weight to the findings of a commissioner in a complicated account of years' standing where the commissioner's finding has been approved by the circuit court. The commissioner and the circuit court both have the presence of counsel and they go over the record with the counsel, thus getting at the points of dispute very clearly.

Mrs. Bernheimer left a will by which, after making a few special devises, she devised all the rest of her estate, amounting to about $11,000.00, to her four daughters, share and share alike, except that she directed that the share of her daughter Irma be charged with the sum of $3,000.00, the unnecessary expense to which she had been put by reason of Irma bringing this suit against her. She also gave to her daughter Irma, in case she married, the sum of $2,600.00, the same as to her other daughters, she having given to each of the married daughters $2,600.00 for their trousseau when they were married. As the four daughters are also the devisees of their father and take equally under his will, the only thing that is really in controversy between them in this case is the charge of $3,000.00 to Irma for the expense of this suit. For under her mother's will Irma, if she marries, gets $2,600.00 before the others get anything, and there is no proof warranting a charge against the other three daughters for anything the mother did.

The receiver reported that it had received as the personal estate of Louis Bernheimer, in his wife's hands at her death, $87,678.82. The commissioner reported that the whole estate at the executor's settlement was $161,199.13, but that this included $17,000.00 of life insurance on his life which was made payable to his wife, and was not properly a part of the estate. There was

also an investment in land of $30,000.00, expenses and special bequests, $13,441.67. In addition to this some banks had failed and some notes had been uncollectible in part, amounting in all to $11,950.00. Deducting all these sums from the total of the estate he found that the balance in Mrs. Bernheimer's hands was $87,807.46.

After going over the record and the numerous exhibits this court does not feel that it can make a more accurate settlement than the commissioner made. He went over the case very carefully and his conclusions do substantial justice to the parties. Mrs. Bernheimer insured her life in the sum of $20,000.00, for the equal benefit of her four daughters, and this money they have received. She was a loving, good mother and faithfully did her duty as she saw it at all times to each of her daughters. The proof shows that the mother had paid to Irma in allowances about $18,000.00, and if any part of the principal of the estate was spent, she received her part of it.

While there is evidence warranting a different conclusion, on the whole record the judgment of the chancellor confirming the commissioner's report is in accord with the equity of the case and does substantial justice. Under the settled rule that in such cases the judgment will not be reversed on the facts when upon the whole record the mind is left in doubt as to the truth it clearly follows that the commissioner's full report, which has been confirmed by the circuit court, cannot be disturbed in this court.

Judgment affirmed.