## Martyn, et al. v. Jacoby's Administrator, et al.

(Decided March 20, 1928.)

### Appeal from Bourbon Circuit Court.

1. Evidence.—Where plaintiff's intestate, as surety for defendant on sale bond, paid amount thereof in administrator's action to recover amount paid, testimony of defendant's witnesses that intestate had stated in their presence defendant did not owe him money, and had owed him some money, but paid it, though uncontradicted, need not be accepted, where intestate's statements as related were vague and indefinite and were not inconsistent with existence of debt.

2. Appeal and Error.—Where plaintiff's intestate, as surety on defendant's judicial sale bond, paid bond, and administrator brought action to recover amount thereof, the Court of Appeals cannot disturb judgment on circuit court's finding of fact that plea of payment was not proved, where on consideration of facts and circumstances there was doubt as to truth of matter.

TALBOTT & WHITLEY for appellants.

DENIS DUNDON for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

E. J. Martyn purchased property in Paris, Ky., on March 26, 1923, at a judicial sale and J. L. Jacoby became his surety on two sale bonds due in six and twelve months. Martyn failed to pay the bond first maturing, and Jacoby paid $1,600 thereon. Martyn paid the other bond and deed was made to him. Jacoby died in 1926, and his administrator filed suit against Martyn to recover the sum of $1,600, with interest from the date of payment of the bond by Jacoby. Martyn admitted the indebtedness, but asserted payment thereof to Jacoby, giving the dates and amounts of the several payments alleged to have been made in 1924 and 1925.

The administrator controverted the plea of payment and proof was taken by both parties. The circuit court rendered judgment for the administrator of Jacoby, and Martyn has prosecuted this appeal.

The appellants insist that the finding of the chancellor is contrary to the evidence. The issue in the case was whether the obligation had been paid, and the burden of proof was admittedly upon appellant. He could not testify for himself as to any transactions with the decedent; and he relied upon the testimony of two witnesses to sustain his claim that the debt had been paid. Louise January, a colored woman, testified that, on one of her frequent visits to his house on business with the housekeeper, Mr. Jacoby inquired of her how Ed Martyn was getting along now. She asked him if Ed owed him, to which he answered in the negative. The time was fixed as in July or August, 1925. Frank Morrow, a colored boy, 18 years old, testified that he drove an automobile for Jacoby from 1922, and on one of the occasions in the latter part of the summer of 1925 when they were out driving they passed Ed Martyn, whereupon Jacoby asked how Martyn was getting along in his business, and was told all right, when Jacoby remarked: "Yes, I think he must be, because he owed me some money, and has paid it back."

In connection with the testimony of these witnesses appellant relies upon some circumstances as lending corroboration, but they need not be mentioned in detail. It is argued that the testimony is uncontradicted and must be accepted. Johnson v. Louisville & I. R. Co., 199 Ky. 524, 251 S. W. 843; Brown v. Johnson, etc., 132 Ky. 70, 116 S. W. 273; Lee v. Lee, 215 Ky. 226, 284 S. W. 1052. But the argument is fallacious. The statements related

by the witnesses are vague and indefinite, and are not inconsistent with the existence of the debt. The solicitude of Jacoby as to Martyn's business evidenced by his inquiries may have been prompted by consideration of his claim against him. It is apparent that it made that impression on one of the witnesses, because she bluntly asked the question. His statements that Martyn owed him nothing may have been actuated by a desire to protect him from the prying curiosity of his neighbors. Such testimony, as to declarations of a person since deceased, is regarded with slight favor, and received with great caution. Higgs v. Wilson, 3 Metc. 337; Blackburn v. Commonwealth, 12 Bush, 187.

The circumstances of the case are significant. The sum involved was considerable, and both parties were intelligent, business men, with checking accounts at a bank. No deposits were made by Jacoby corresponding with the alleged payments, and it is improbable he would have kept so much money on hand when it was his custom to deposit his funds at the bank. It is not shown that he ever kept any considerable sums of money at his home. Jacoby lived in the country and it would be inconvenient and unusual to carry currency to him when a check would have been more convenient and secure. The explanations suggested to justify a contrary view are far-fetched and unlikely. Other circumstances to the contrary quite as cogent as the testimony of the witnesses are shown by the proof, and we are not satisfied from the evidence that the debt was paid.

The circuit court reached the conclusion that the plea of payment was not proven, and we are not authorized to disturb his judgment on a finding of fact, when, upon a consideration of all the facts and circumstances, the mind is left in doubt as to the truth of the matter. Clark v. Isaacs, 182 Ky. 391, 206 S. W. 606; Daniel v. Shaver, 184 Ky. 674, 212 S. W. 913; Johnston v. Williams, 187 Ky. 764, 220, S. W. 1057.

In this case the conclusion of the chancellor corresponds with our own judgment upon the vital issue to be determined.

The judgment is affirmed.