## Coffee et al. v. Bushong et al.

(Decided June 21, 1929.)

B. F. DENHAM for appellants.

BAIRD & RICHARDSON and C. C. CRABTREE for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

On January 18, 1922, Lawrence Coffee and wife executed to T. E. Coe and others an oil and gas lease on 50

acres of land on Kettle creek, in Monroe county. The consideration for the lease is in these words:

"In consideration of which second party agrees to begin a well on Kettle creek, below where the Martinsburg road comes to the creek, within sixty days from date of acknowledgment of this contract or forfeit same.

"Second party agrees to put one-eight of all oil and gas produced and saved on this lease into tanks or pipe line to the credit of party of the first part without cost to first party."

The lease was acknowledged by Coffee and wife on January 25, 1922. On May 24, 1924, Coffee and wife executed to the Young Oil Company an oil and gas lease on the same land, and at the same time they filed an affidavit stating that the lessees in the former lease had failed for 60 days to begin the drilling of a well as therein provided and that the contract was thus forfeited. On November 3, 1924, Coe, etc., the lessees in the first lease, brought this action against the Young Oil Company and Coffee and his wife, praying that they be adjudged all the privileges and rights secured by their lease and that the Young Oil Company be restrained from operating on the land. The issues were made up, proof was heard, and on final hearing judgment was entered in favor of the plaintiffs. The defendants appeal.

Two grounds are relied on for reversal: (1) The lessees did not begin the well in 60 days. (2) The contract is unilateral and not enforceable.

By the terms of the contract the lessees were to begin a well on Kettle creek below where the Martinsburg road comes to the creek, within 60 days from the date of the acknowledgment of the contract or forfeit same. They began a well as indicated in the contract, and the dispute turns on whether they began within 60 days or not after the acknowledgment of the contract. The proof for the lessees was that they began prior to March 15 and that on March 15, they had the well about 30 feet deep. On the other hand, the proof for the defendants was that the well was not begun until some time in April.

The finding of the circuit court on this question of fact is entitled to some weight and will not be disturbed where the mind is left in doubt as to the truth. While the

number of the witnesses testifying for the defendant is greater than of those testifying for the plaintiffs, the plaintiffs' witnesses state facts more satisfactorily establishing the date than the witnesses for the defendant. The proof was not taken until several years later. The witnesses testifying for the defendant all fix the date from certain trips made to the court but they made other trips to the court in March and they may very possibly be mistaken as to the trip on which they saw the things they refer to. On the other hand, the plaintiffs produced their check given at the time and are sustained by the fact that they were doing this work to prevent a forfeiture of their contract. The court, therefore, concludes that it cannot disturb the finding of the circuit court on the facts.

The contract is not unilateral. The agreement to begin a well at a certain point on Kettle creek within 60 days was a substantial consideration; for the agreement to begin the well carried with it an implied agreement to complete the well within a reasonable time so far as it could be done by reasonable care. To put down such a well involved a large expenditure. The purpose in requiring the well to be put down was to test the field; so if oil was produced, the plaintiff would get his royalty. This is not a case of a nominal consideration. In Eastern Ky. Mineral & Timber Co. v. Swann-Day Lumber Co., 148 Ky. 82, 146 S. W. 438, 46 L. R. A. (N. S.) 672, and other like cases cited, it was held that there was no valuable consideration for the lease. What is a valuable consideration is a question not further material here. See Union Gas & Oil Co. v. Wiedman Oil Co., 211 Ky. 361, 277 S. W. 323.

The plaintiffs did not lose their rights by not suing for six months. They notified defendants not to enter and objected to all they did, as they testify. While the proof is conflicting here, as on other points in the case, it stands admitted that defendants acted with full notice of plaintiffs' rights and deliberately took the chance of defeating them. The circuit court's finding on this question under the evidence cannot be disturbed.

Judgment affirmed.