## Fisher v. Fisher's Administrator et al.

(Decided February 2, 1932.)

263

C. C. BAGBY for appellant.

SANDIFER & LANIER, HENRY JACKSON and ADD LANIER for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—
Affirming.

This appeal presents for review unfortunate litigation between three sisters and their mother; one sister on the one side and the other two sisters and the mother on the other.

R. M. Fisher died intestate, a resident of Boyle county, Ky., on the 21st day of April, 1925. The Boyle Bank & Trust Company, Danville, Ky., was appointed administrator of his estate. It filed an action in the Boyle circuit court to settle the estate. The appellant, Annie E. Fisher, filed an answer in which she asserted title to certain articles of personal property, consisting of jewelry and household furniture, and further alleged that certain other articles of household furniture when appraised were valued below their market value. In another answer which was made a cross-petition against her mother and sisters, she attacked the appraisement of the property set aside by the appraisers to her mother in lieu of $750 allowed to the widow under section 1403, Ky. Statutes, and alleged that the articles set aside to her mother were "antique furniture," and that the appraisers who appraised them were "misinformed" as to their value. She asked for a new appraisement of a large portion of the household and kitchen furniture. She further alleged in this answer that the mother and sisters, since the death of her father, had been using property belonging to his estate and that their use had greatly depreciated its value, and for this use she prayed damages. Issues were joined by appropriate pleadings in behalf of her mother and sisters. On the pleadings, exhibits and evidence filed, the court entered a judgment declaring the appellant the owner of certain articles of

property listed therein. Two cherry mirror frames, a "cherry mahogany" stand, a secretary, a table, three-piece prism set, one coal bucket, mahogany bed, bureau, washstand, wardrobe, serving table, mirror, single cuff button and silver pitcher to which appellant asserted title, were adjudged to belong to the estate of R. M. Fisher. Certain other articles of personal property were by the judgment directed to be sold as the property of R. M. Fisher. The appellant was denied her claim against her mother and sisters for their use of articles of personal property, subsequent to the death of R. M. Fisher. She was also denied relief against the appraisement of the property by the appraisers. The appellant saved proper exceptions, and was granted an appeal in respect to the judgment indicated. She failed to prosecute the appeal granted by the circuit court, but now prosecutes this appeal on a motion entered in accordance to section 734, Civil Code of Practice. No question of law is presented for our determination. The issues to be determined are questions of fact. All parties concerned, and the witnesses of their own choosing, have testified fully and at length, touching every article of property and subject-matter presented by the pleadings. Several of them testified several times. A resume of the evidence would require a book of several hundred pages.

Counsel for appellant and appellees have ably and learnedly briefed the evidence bearing on the issues made by the pleadings. Counsel for appellant makes this statement in his brief, ''We cite the following portions of the record as bearing particularly upon all points above noted.'' Then he follows it with the index of the entire record, giving the volume and page. With the hope that this may be the end of this litigation between these good people, we have complied cautiously with counsel's request, and have carefully and diligently examined and read the pleadings and the evidence presented, which comprise 501 pages.

Section 3855, Ky. Statutes, provides:

''Copies from the record of the inventory or appraisement shall be prima facie evidence for and against such representative.''

The appellant shows she has mature and intelligent judgment of the highest type of the value of property of the character of that here involved. Her witnesses

manifest no less accurate knowledge of such values; but we are not prepared to say, considering the appraisement as prima facie evidence in connection with the rebuttal testimony relating to the value of the property, that the appellant's evidence is sufficient to justify the conclusion that the judgment of the chancellor on this issue is not sustained by the evidence.

The appellant, her mother, and her sisters testify voluminously, each giving her version of the ownership of, and their and the estate's rights to, the articles of property which the court's judgment denied her. They likewise testified concerning the use of the property which appellant claimed they used after the death of R. M. Fisher, as well as on every issue made by the pleadings. Their testimony violently conflicts on every question. The burden of proof was on the appellant. Her recovery depends upon the strength of her title to the property to which she asserted title.

We are not convinced that the judgment of the chancellor is not supported by a preponderance of the evidence. The court will not reverse a judgment on conflicting testimony. Breathitt County v. Turner, 223 Ky. 727, 4 S. W. (2d) 695. Nor will we disturb the finding of the chancellor on the question of the credibility of witnesses (Burgess v. Walker, 145 Ky. 559, 140 S. W. 1041; Rice v. McNeill, 187 Ky. 726, 220 S. W. 724; Amick v. Huffman, 217 Ky. 642, 290 S. W. 506), unless his finding is against the decided preponderance of the evidence or without evidence to support it. Commonwealth v. Johnson, 123 Ky. 437, 96 S. W. 801, 29 Ky. Law Rep. 897, 124 Am. St. Rep. 368, 13 Ann. Cas. 716. Nor will we interrupt his finding if the mind is left in doubt as to the truth. Coyle v. Dark Tobacco Growers' Ass'n, 211 Ky. 162, 277 S. W. 318; Coffee v. Bushong, 230 Ky. 154, 18 S. W. (2d) 973; Martyn v. Jacoby's Adm'r, 223 Ky. 674, 4 S. W. (2d) 684; Bernheimer v. Bernheimer, 220 Ky. 9, 294 S. W. 786; Turner v. Kelly, 217 Ky. 773, 290 S. W. 711; Blanton v. Osborne, 239 Ky. 389, 39 S. W. (2d) 698.

In Black v. Noel's Adm'x, 240 Ky. 209,.41 S. W. (2d) 1100, 1102, another applicable rule is stated in this language:

> "It is a familiar, fixed rule of this court in equity cases that 'this court must read the record for itself, and, if the finding of the trial court fails

to accord with the evidence as construed by it, and its own reading of the record results in a clear conviction how the case should be decided, it is its duty and within its province to direct the judgment that accords with its views of the rights of the parties.' Ford v. Ford's Ex'r, 233 Ky. 673, 26 S. W. (2d) 551; Lewis v. Shell, 205 Ky. 624, 266 S. W. 254; Downing v. Whitlow, 211 Ky. 294, 277 S. W. 262; Walker v. Walker, 228 Ky. 357, 15 S. W. (2d) 298; Turner v. Hammock, 229 Ky. 839, 18 S. W. (2d) 285; Katz v. Scott, 229 Ky. 738, 17 S. W. (2d) 1024.''

Adhering to the rules which have been applied so often by this court in equitable actions, we find no reason appearing in the record, authorizing us to disturb the judgment of the chancellor.

Wherefore the judgment is affirmed.