## Slone et al. v. Levisa River R. Co.

(Decided March 7, 1933.)

WILLIS STATON for appellant.

A. E. AUXIER for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

The Levisa River Railroad Company instituted proceedings in the county court of Pike county, Ky., to condemn land for railroad purposes. The value of the land condemned and the damage for its taking were fixed at $4,000. J. A. Slone and Dixie Slone filed in the condemnation proceedings an answer in which they asserted title to five-ninths of the land which was condemned, and that they were entitled to five-ninths of the $4,000. John Williamson filed a reply to their answer, in which he asserted title to the land and the entire $4,000. The case was transferred to the circuit court. Issues were formed by appropriate pleadings between Slones and Williamson, and, on the evidence, it was decreed that Williamson was the owner of the land and was entitled to the $4,000. They appeal.

Slones' answer sets out that John Justice, in 1911, owned certain lands in Pike county, Ky., and was the father of a number of children when he conveyed to each of them a portion of his land, and that at the time he did so, a deed was executed by him and his wife, purporting to convey to John Williamson and his wife, Elizabeth Williamson, and their bodily heirs, a tract of land in Pike county. A suit was instituted by John Justice against John Williamson and Elizabeth Williamson to cancel the deed. It was canceled by a judgment of the court (Williamson et al. v. Justice, 174 Ky.

327, 192 S. W. 13), but while the action to cancel it was pending in this court, John Justice and wife, Jane Justice, for the consideration of $200 cash, executed and delivered to John Williamson a deed conveying to him the same land. Elizabeth Justice Williamson died during the pendency of the action to cancel the first deed, leaving surviving her several children. The Slones assert title to the land embraced in the deed from John Justice and wife to John Williamson, through their mother, Elizabeth Justice Williamson. They claim that John Justice placed her in possession of the land, and that after her death, her children, with John Williamson, continued to occupy it, subject to the marital right of John Williamson; that the deed from John Justice and Jane Justice to John Williamson is fraudulent and a forgery, and that, while it purports to have been executed, acknowledged, and delivered in March, 1916, it was not recorded until 1926, and that, during this interim, John Williamson represented to the Slones that he did not own the land, but that it was owned by the children of Elizabeth Justice Williamson, and thereby they were induced to purchase and accept deeds to the five-ninths from his children, and that they are innocent purchasers for value and without notice of the deed of John Williamson.

Without detailing the evidence, a careful consideration of it discloses that no evidence was offered on any issue presented by the pleadings, except on the claim they were innocent purchasers. It is not shown that Elizabeth Justice Williamson ever owned or asserted title to the land, except by virtue of the deed that was canceled by the judgment of the court. It has been decided a number of times by this court that where a parol gift of a tract of land, made to a son or daughter by a parent as an advancement, and possession thereunder has continued for the statutory period of limitation, it will ripen into a fee-simple title. Com. v. Gibson, 85 Ky. 666, 4 S. W. 453, 9 Ky. Law Rep. 205; Thomson v. Thomson, 93 Ky. 435, 20 S. W. 373, 14 Ky. Law Rep. 513; Creech v. Abner, 106 Ky. 239, 50 S. W. 58, 20 Ky. Law Rep. 1812; Owsley, Sr., v. Owsley, Jr., 117 Ky. 47, 77 S. W. 397, 25 Ky. Law Rep. 1186. The Slones offer no evidence in support of their allegation attempting to bring the case within this rule. In support of the allegation that they were purchasers, for value, without notice of the deed of John Williamson,

they introduced evidence of certain conversations of John S. Slone and James Slone with John Williamson. John Slone and Dixie Slone claim title to certain shares in the land under the deed of James Slone. Williamson unequivocally denies such conversations occurred. The circuit court accepted the testimony of Williamson, and determined this issue adversely to the Slones. His judgment depended upon his view of the credibility of the witnesses, and it is a fixed rule of this court, where the decree depends on the credibility of the witnesses, we will adhere to the determination of the chancellor who saw and heard them (Rice v. McNeil, 187 Ky. 726, 220 S. W. 724; Amick v. Huffman, 217 Ky. 642, 290 S. W. 506; Allender Co. v. Browning's Adm'x, 242 Ky. 273, 46 S. W. [2] 116; Hurt v. Bank of Commerce, 235 Ky. 795, 32 S. W. [2d] 346), unless his finding is against the preponderance of the evidence, or without supporting evidence. Fisher v. Fisher's Adm'r, 242 Ky. 262, 46 S. W. (2d) 85; C. & O. Ry. Co. v. Wadsworth Elec. Mfg. Co., 234 Ky. 645, 29 S. W. (2d) 650. No evidence whatsoever was offered to support the allegation that the deed of John Williamson was fraudulent or a forgery. There appears in the record two copies of the deed. The date of its execution is March 14, 1916; the date of the acknowledgment of one copy is recited in the notary's certificate is March 14, 1916, and in the other it is March 14, 1926. The apparent discrepancy in the dates in the copies is the only evidence offered to sustain the charge of fraud and forgery. This issue was decided by the trial court adversely to the Slones. No good reason is offered tending to show that he erred in respect to this issue.

The burden of proof was on the Slones to establish their own title, and they are only entitled to recover on the strength of their title, and not on the failure or weakness of the title of Williamson. Batten v. Campbell, 223 Ky. 363, 3 S. W. (2d) 760; Crawford v. Crawford, 231 Ky. 675, 22 S. W. (2d) 93. They utterly fail to establish title in either the grantors under whom they claim, or their mother, Elizabeth Justice Williamson.

Perceiving no error prejudicial to their substantial rights, the judgment is affirmed.