## Liberty Bank & Trust Co. v. Schulman's Ex'r et al.

(Decided  May 24, 1938.)

EUGENE MOSLEY, JR., for appellant.

JOSEPHS SACHS, JR., and D. A. SACHS for appellees.

OPINION OF THE COURT BY JUDGE BAIRD—Affirming.

The Liberty Bank and Trust Company instituted this equitable action in the Jefferson circuit court

against William Schulman, executor of the estate of Goldie Schulman, deceased; William Schulman, individually; Herman A. Moeller and Nathan Klein. . By this action it secured a judgment on a balance due on two notes it held against the estate of Goldie Schulman, deceased, and the enforcement of two mortgages executed to it by Goldie Schulman in her lifetime together with her husband, William Schulman, on two parcels of real estate set out and fully described in its petition. The first lien was given the bank by reason of the two mortgages. That judgment lien is not now in controversy. In the same action in another paragraph of the bank's petition, it by appropriate and proper allegations alleged that it had on the 16th day of December, 1933, obtained a judgment against William Schulman as executor of the estate of Goldie Schulman, deceased, and against William Schulman for $2,715.30 with interest at the rate of 6% from the 16th day of December, 1933, until paid and its costs in the sum of $20.40, which judgment it alleged had never been paid, set aside, modified or appealed from; that on the 2nd day of January, 1934, it caused an execution to issue and to be levied upon the same two parcels of real estate standing in the name of the late Goldie Schulman upon which the appellant bank held the two mortgage liens heretofore referred to. It further alleged that the execution lien was only inferior and subject to the two mortgage liens it already had. It sought that this lien be likewise adjudged and declared second only to its two mortgage liens. The defendant, Nathan Klein, now one of the appellees, filed his answer and counterclaim in the action and alleged that on the 18th day of March, 1930, Goldie Schulman in her lifetime together with her husband, William Schulman, made and executed to him her note for $6,410 payable on or before four years from date and bearing 6% interest from date, interest payable semi-annually; that his note was due and no part had been paid; that to secure the note, Goldie Schulman simultaneously with the execution of the note made, acknowledged and delivered to him a mortgage on the two parcels of land covered by the two mortgages previously executed to appellant, which mortgage was recorded on the 26th day of August, 1930, in the office of the Jefferson county clerk in a book kept by the clerk for that purpose. He alleged that by virtue of that mortgage he had a second lien subject only to the two

mortgage liens of the bank; that he was entitled to a judgment declaring his liens valid and second to and inferior to the bank's mortgage liens. He further alleged that his lien was prior and superior to the execution lien set out and claimed by appellant. For reply the bank traversed all material allegations of Klein's answer and counter-claim and by way of an affirmative plea alleged that the note and mortgage executed to Klein was without consideration, fraudulent and void and was entered into and made to Nathan Klein by Goldie and William Schulman for the fraudulent purpose and intent to hinder, delay and defraud their creditors. These allegations were denied by Klein by proper pleadings. On these issues and the proof in the record, the court rendered the following judgment:

"It is now therefore adjudged by the court that the second mortgage held by the defendant and cross-plaintiff, Nathan Klein, which was attacked as fraudulent by the plaintiff, Liberty National Bank and Trust Company, was and is not fraudulent, but is valid and of full force and effect and was made in consideration of money lent, $5,910, in prior loans and $500, contemporary loan; whether or not said second mortgage was a preference, the court does not decide."

From that judgment the bank appeals.

We note in the outset that this is not an action seeking to set aside the judgment because it was preferential. That question was specifically reserved and not passed upon by the chancellor. The solution of the issues formed depends wholly and entirely upon the proof.

It is contended by appellee that the mortgage executed to him by his daughter, Goldie Schulman, and his son-in-law, William Schulman, was in good faith and based upon a full and fair consideration and was given for the sole purpose in securing him for the payment of the money that he had loaned his daughter at different times from the year 1922, until the 18th day of March, 1930, when the note and mortgage were executed.

On the other hand, the appellant bank insists that the money was not loaned to her at all; that the execution of the note, if in fact it was ever executed, and the execution of the mortgage was a fraudulent arrange-

ment between father, daughter and son-in-law, members of the same family, to defeat the creditors of the Schulmans and especially this appellant bank.

The proof is to the effect that Nathan Klein was an old man, 72 years of age, and originally a native and citizen of a foreign country. He was very economical and careful in his business so far as in the accumulation of money. Apparently, from the record, he had a special fondness for this daughter and imposed great confidence in her honesty and ability as to keeping a record of these loans and transactions between them. He stated that when she purchased her Oak Street property in the city of Louisville, he loaned her $1,500 in the year, 1922. In 1924, they borrowed from him $2,500 and at different times he loaned her different amounts paying it to her by check and cash until it accumulated to about the sum of $2,184.98; that he trusted his daughter to keep the account of the different sums that he loaned to her. She was his bookkeeper and no settlement was made until the health of his daughter became very poor. Gradually she grew worse and needed more money, so on the 18th day of March, 1930, he loaned her $500. She then calculated the amount due him and made to him a note for the sum of $6,410, payable on or before four years, as heretofore set out. To secure the note she executed to him the mortgage in question. He had it placed on record on the 26th day of August, 1930, and it has been on record from that day to this.

It is contended by counsel for appellee that the relationship of the parties and the fact that the original debt of the bank which had been renewed, until it reached the amount of the note on which the execution was issued, was preexistent to Klein's mortgage, and because most of the loans were made at different times prior to the execution of Klein's mortgage, and because the debtor and not the creditor kept the record of the loans, and because some of the loans when made were paid in cash and some by checks and that the checks could not be presented, but were lost or destroyed by fire, that such a state of facts established such a badge of fraud that the burden shifted to appellee, Klein, to overcome by evidence the presumption that the mortgage was not fraudulent or without consideration and was not entered into for the purpose and with the intent to cheat, hinder or delay the credi-

tors in the collection of their debts against the Schulmans.

We consider it unnecessary to produce the testimony of each witness on the side of each of the litigants. However, reviewing the evidence carefully and fully, as we have done, and giving full weight to the judgment of the chancellor, we are convinced that the second mortgage executed to the appellee, Klein, was not fraudulent and that the consideration passed between him and his daughter as shown by the evidence. The chancellor accepted the testimony of Nathan Klein, William Schulman and Isadore Klein, witnesses for appellee, as sufficient to establish that the mortgage was in good faith and not fraudulent.

It is a fixed rule of this court, where the decree depends on the credibility of the witnesses, that we will adhere to the determination of the chancellor who saw and heard them, unless his finding is against the preponderance of the evidence, or without supporting evidence. Slone et al. v. Levisa River R. Co., 248 Ky. 540, 59 S. W. (2d) 13.

It follows, therefore, that the judgment is affirmed.