**CITY OF ST. MATTHEWS, Kentucky, et al., Appellants,**

v.

**CITY OF BEECHWOOD VILLAGE, Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 13, 1963.

J. W. Jones, Louisville, for appellant City of St. Matthews. Wilbur Fields, Louisville. Clay A. Copeland, Louisville, of counsel, for appellant Marshall Realty Co.

Gordon B. Davidson, Lawrence L. Jones, III, Louisville, Wyatt, Grafton & Sloss, Louisville, of counsel, for appellee.

CLAY, Commissioner.

In this declaratory judgment action the City of Beechwood Village sought an adjudication that a three acre tract of land had been annexed by it. Defendant City of St. Matthews asserted a similar claim. Marshall Realty Company, the owner of the land, intervened and sided with St. Matthews. The Chancellor, being of the opinion the annexation proceedings by Beechwood were invalid, nevertheless adjudged (1) Marshall was estopped to challenge those proceedings, and (2) since St. Matthews annexed only to the legal boundaries of Beechwood and the ostensible legal boundaries included the Marshall tract, such tract was not annexed by St. Matthews. Marshall and St. Matthews appeal.

In 1954 Beechwood enacted an ordinance proposing annexation of all of the Marshall property (and an adjoining Butler tract). The description in the ordinance was so inaccurate that it did not encompass the property proposed to be annexed. Marshall and the Butlers filed a remonstrance suit objecting to the annexation (as authorized by KRS 81.110). They did not raise any question about the deficient description in the ordinance.

During the course of the proceeding, in September 1955, the remonstrants, Marshall and the Butlers, entered into a stipulation with Beechwood whereby it was agreed a judgment could be entered authorizing annexation of the *part* of the Marshall property here involved (and the Butler tract). Pursuant to this stipulation a judgment was entered November 30, 1955, providing that a specific area (likewise inaccurately described) "may be annexed" by Beechwood.

Under the procedure prescribed by KRS 81.110(4), another ordinance is required to complete the annexation. Such an ordinance, purportedly following the agreed judgment, appears to have been enacted by Beechwood, but it was dated October 10, 1955, prior to the date the judgment was entered. (This ordinance will be discussed later.) Thereafter the parties treated the Marshall and Butler tracts as if properly annexed.

The Marshall property was unimproved land. No city services were actually extended to it, although it was under the general police protection of Beechwood. Marshall paid city taxes to Beechwood until

1960. In the meantime, a sewer project had been developed by Beechwood and bonds issued. Sewer services were not extended to the Marshall tract but it was considered an area to which these services might someday be extended.

In 1960 St. Matthews annexed a large area which extended to and along the "east line" of Beechwood, where the Marshall tract was located. Marshall thereupon ceased paying taxes to Beechwood and sought zoning relief from St. Matthews. Thus this three-cornered controversy developed.

■ The annexation of property by a city is a political act within the exclusive control of the legislature. Sanitation Dist. No. 1 of Jefferson County v. City of Louisville, 308 Ky. 368, 213 S.W.2d 995. The statutory procedure prescribed must be followed in creating this political subdivision. Turner v. Kelly, 217 Ky. 773, 290 S.W. 711.

■ The description of the property in the proposing ordinance, in the agreed judgment, and in the annexing ordinance was so inaccurate as to be incomprehensible. If we overlook this deficiency, we find the agreed judgment and the annexing ordinance (dated October 10, 1955) constituted an attempted piecemeal annexation of a smaller area than that originally proposed. This we condemned in Donovan v. City of Louisville, Ky., 299 S.W.2d 636 and Garner v. City of Lexington, Ky., 306 S.W.2d 305. Still further, because of the deplorable state of Beechwood's records, it appears the annexing ordinance (ostensibly passed October 10, 1955) was either enacted prior to the entry of the agreed judgment or was never enacted at all. Certainly the Marshall property was never validly annexed by Beechwood in conformity with the governing statutory and case law. The Chancellor took this view, and it is the only reasonable one that could be reached on this record.

■ We now turn to the question of estoppel. It is asserted only against Marshall and is not and could not be asserted against St. Matthews. Without discussing the subject at length, we call attention to the serious difficulty of attempting to invoke estoppel in this case. First, annexation by estoppel violates the legislative scheme by which this may and should be accomplished. Secondly, annexation is a matter of public interest rather than private right. Thirdly, the necessary elements of estoppel are not established in this case. Marshall's conduct consisted only of acting upon the same mistake of fact and law that Beechwood acted upon. Certainly Marshall did not benefit from this change of legal status to the detriment of Beechwood. Finally, the record does not show a *great public inconvenience* which as a matter of necessity would require the invocation of some equitable principle to give Beechwood relief. See O'Hara v. City of South Fort Mitchell, Ky., 290 S.W.2d 455, which is quite similar to the present case and in which we questioned the application of estoppel in annexation cases.

In spite of the almost insurmountable difficulties, if we accepted the Chancellor's finding that Marshall is estopped, this does not solve the problem presented. The real controversy, and the one initiated by Beechwood, is between it and St. Matthews. It seems too clear for argument that even if the estoppel doctrine may be invoked against Marshall, it cannot be extended to create legal rights against an unassociated third party or against the public. (See 31 C.J.S. Estoppel § 148, page 436.)

The Chancellor apparently took the view that since Marshall was estopped to question the annexation, a new eastern boundary line of Beechwood had thereby become established, and since St. Matthews only annexed territory to and along the eastern boundary of Beechwood, it did not encompass the Marshall property. The fallacy of this reasoning is evident. It converts the defensive shield of estoppel against Marshall into an affirmative weapon by which rights are created against St. Matthews. This cannot be. Against St. Matthews,

Beechwood must stand on the strength of its claim, not the weakness of Marshall's position.

In short, Beechwood did not annex the Marshall property through the medium of estoppel. It therefore did not extend its boundary line to include this property. Beechwood's eastern boundary line is where it was prior to the abortive annexation proceedings. St. Matthews annexed territory to this line and it took in the Marshall property.

We are aware our decision may create difficult problems for Beechwod and/or St. Matthews. We are sure the Chancellor had these in mind when he undertook to maintain the status quo. However, it is not the function of courts to create political subdivisions by judicial fiat. As everyone else, cities must conduct their affairs as the law requires. Having failed to do so, Beechwood is not in a position to support its claim against St. Matthews.

The judgment is reversed, with directions to enter a judgment declaring the property in controversy a part of the City of St. Matthews.