## Batten v. Campbell, et al.

(Decided February 28, 1928.)

### Appeal from Elliott Circuit Court.

1. Ejectment.—In ejectment, plaintiff must recover, if at all, on the strength of his own title.

2. Mines and Minerals.—Where term of oil and gas lease expired before top lease of defendant's assignor was executed, it was incumbent on plaintiff in ejectment for possession of leasehold to show that oil or gas was produced thereon within such term in sufficient quantities to extend lease under provision therefor, if oil or gas were found.

3. Mines and Minerals.—Proof of drilling of well, from which small quantities of gas were furnished locally, but not marketed, held not to show production in sufficient quantities to extend lease under provision for extension, if oil or gas were found.

M. M. REDWINE, JOHN T. REDWINE and V. H. REDWINE for appellant.

S. S. WILLIS and W. E. MOBLEY for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

This is a suit in ejectment tried and heard in equity without objection, being a companion case of that of W.

G. Sawyer v. James Potter, this day decided and reported in 223 Ky. 359, — S. W. —. Briefly stated. W. A. Batten is suing to recover possession and damages for the illegal detention of a 100-acre leaschold. His title is thus derived: (1) April 14, 1917, John M. Ison and wife executed to James E. Hogan an oil and gas lease on a boundary of 800 acres of land in Elliott county. The term of the lease was "five years from date, and as much longer thereafter as oil and gas is found thereon." (2) That on September 25, 1917, Hogan assigned 300 acres on the east side of the left fork of Newcomb creek to the Kentucky Producers Oil Company. (3) On November 8, 1917, the Kentucky Producers Oil Company assigned 100 acres of the south end of its 300 acres to the Consolidated Oil Company. (4) On January 20, 1919, the Consolidated Oil Company assigned its 100 acres to A. R. Marshall. (5) On June 25, 1919, A. R. Marshall assigned 79 acres of his 100 to the Progressive Oil Company. (6) On June 15, 1922, the Progressive Oil Company assigned this 79 acres to the plaintiff, W. A. Batten. This assignment was two months after the five-year period fixed as the term of the lease; Batten's claim being that a gas well was drilled on the premises during the five-year period, and which is still producing gas, and thereby extending the lease.

On the other hand, it appears that James Potter, as assignee of another of the subdivisions of the Hogan lease, undertook development east of Newcomb creek in the month of April, 1922, and that, at the expiration of the five-year period, Ison claimed that the Hogan lease had expired and negotiated with him a top lease on the entire 800 acres embraced therein, and executed same on April 15, 1922, in consideration of $2,000. Part of this was paid in cash, and the balance was later paid by Barnett Ross and W. H. Wheeler, assignees of Potter, and who assigned an interest in their lease to the other defendants herein; all of the defendants relying on this chain of title. Appropriate pleadings made up the issues, and on proof heard the court dismissed plaintiff's petition and rendered judgment for costs in favor of defendants. Obviously, in ejectment the plaintiff must recover (if at all) on the strength of his own title, and as both parties claimed under John M. Ison, and as the five-year term for which that lease was executed had expired before the top lease of appellee's assignor, Potter, was

executed, it was incumbent upon plaintiff to show that oil or gas was produced on the lease within the five-year term in sufficient quantities to extend the lease beyond that period. He attempted to do so by proof of the drilling of a well in the year 1919 from which small quantities of gas were furnished locally, but none of which was marketed; the proof being in all respects similar to the proof taken in the case of Sawyer v. Potter, supra, to which reference is made for a further statement of facts. In that case we held that it was not shown that Sawyer had accepted the gas as an extension of the lease, and that it was insufficient for that purpose. We see no reason to depart from that finding.

Wherefore, perceiving no error, the judgment is affirmed.