## Ison v. Edra Lee Oil & Gas Company et al.

(Decided November 20, 1931.)

(As Modified on Denial of Rehearing February 5, 1932.)

VINSON & MILLER and JOHN T. REDWINE, M. M. REDWINE and V. H. REDWINE for appellant.

W. E. MOBLEY, J. B. ADAMSON and WOODS, STEWART, NICKELL & SMOOT for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

John Ison, having been unsuccessful in his efforts to free his 800-acre farm of an oil and gas lease thereon, has appealed. Ison made this lease to James Potter on April 15, 1922. It was then a top lease, and any one desiring to learn how the other lease was eliminated should read Sawyer v. Potter, 223 Ky. 359, 3 S. W. (2d) 758, and Batten v. Campbell, 223 Ky. 363, 3 S. W. (2d) 760. This lease contained this provision:

"Said party is to have and hold the said premises for the said purpose only for a term of five years next ensuing the day and year above written and as long thereafter from year to year as oil and

gas shall continue to be found thereon in paying quantities, or rentals or royalties are paid.''

On March 19, 1928, Ison began this action to free his land of this lease. The record shows the appellees had then held this farm by virtue of this lease for about six years, and had succeeded in developing but one producing well thereon, and had since the first of the year 1923 or earlier made no effort to further develop the property. This one producing well yields very little oil. The total yield over the entire life of the well, as shown by the pipe line runs, is about 370 barrels per year or just a fraction over a barrel per day. Ison gets one-eighth of that, or about 46 barrels per year.

This record does not present a question of demand for additional development, of failure to pay rentals, or of forfeiture, but solely and simply the question, has this lease expired? The five years have run, so that is eliminated; no rentals are being paid, if indeed any could be claimed, since the appellees have drilled two wells, so that is eliminated; and in effect all we have left of this clause is, this lease shall continue so long as enough oil and gas are found, that royalties in paying quantities accrue and are paid.

No one would suggest the lease would continue no matter what quantities of these substances were produced unless the royalties thereon were paid.

This controversy is much like the one in Dinsmoor v. Combs, 177 Ky. 740, 198 S. W. 58. Mrs. Combs was successful in the trial court, but we reversed the judgment because the lease was given on November 28, 1904, was to run for ten years, and Mrs. Combs began that action on April 14, 1914, without giving the lessees any notice to proceed with development. The time that lease was to run had not elapsed before that suit was begun, but in this case it has; hence notice is not necessary in this case.

The trial court in the Dinsmoor Case had made a similar solution of the problem before it to the one made in the case of White v. Green River Gas Co. (C. C. A.) 8 F. (2d) 261, and in the brief filed on behalf of Ison, his counsel, in making a similar suggestion in this case, say:

"The appellees have a small well on the premises which we are not inclined to take away from them, but, we do contend that after allotting

to them that well, and reasonable acreage immediately surrounding it, the remainder of the leased premises should be freed from the alleged claims of these lessees.''

This is equitable and should be done. That will be in harmony with what we said in Sawyer v. Potter, 223 Ky. 359, 3 S. W. (2d) 758.

If this lease is not worth further development, the appellees will lose nothing by that arrangement, and, if this lease is worth further development, the appellees have had ample time in which to have developed it.

It does not now appear just how much land should be reserved around this well, and for that reason the cause is remanded to the trial court with direction to take evidence as to the amount of land that should be so reserved, unless the parties agree in reference thereto, and to enter a judgment declaring that this lease and the rights of the appellees thereunder have been fully ended and determined, except as to this producing well, and any producing gas wells and such acreage thereabout as the court may from the evidence find, or the parties may agree, should be reserved to the lessees about this producing well and such rights as they will need to operate this well and market the production therefrom.

There is some reference in the record to two gas wells on this lease, and it appears that since the trial of the case a gas trunk line has been constructed in the vicinity of the lease and that the two gas wells have been connected with this pipe line and the gas therefrom is being marketed. Upon the return of the case, the appellees will be permitted to introduce proof on this point, and if it is shown that these wells are producing gas which is being marketed, reservations similar to those hereinbefore directed will be made.

Judgment reversed.